JUDGE WOOD
DELIVERED THE OPINION OE THE COURT:
The first question made upon this record is this, namely: “ Did the circuit court err in allowing Lemaster and Clark, with their wives, to defend the action of Lusk against Anderson?” We think not.
By the act of our general assembly, approved 23d February, 1846, (see General Acts, 1846, p. 53,) it is provided that in any action or suit instituted by or against any executor or administrator, the heirs, devisees, or distributees, or any of them, or the husband of any such heir, devisee, or distributee, might appear in court where such action or suit is pending, and make oath before such court that he or she believes that said executor, or administrator, is either prosecuting or defending such suit in bad faith, and to the prejudice of the estate represented by the executor or administrator; and, thereupon, move the court to permit him, or her, by counsel or in person, to prosecute or defend the action.
Upon such affidavit being made, it is the duty of the court to allow the party who has made it to prosecute or defend the action.
Lemaster and Clark were the husbands of the only heirs of Anderson, whose estate was represented by Hopper, the administrator.
They made, in substance,the affidavit required by the statute. Indeed, their affidavit stated more than was required by the act.
A proper case was made for allowing the heir to defend, instead of the administrator.
But it is said the act of 23d February, 1846, was repealed by the Revised Statutes, and has not been re-enacted.
This act was not repealed by the Revised Statutes. It was an act regulating proceedings in civil cases, as appears from both its title and body.
Statutes regulating proceedings in civil, criminal, and penal cases, are expressly excepted in the repealing clause of the Revised Statutes.
*429 The next question presented is this : Had the administrator any power or authority to give such an obligation as the one executed by Hopper to Lusk, and thereby bind the estate of his intestate for its payment?
We do not think he had any such power or authority.
It is no part of the duty of an administrator of the estate of a person supposed to have been murdered to employ counsel to prosecute the murderer.
He cannot bind the estate of such decedent for compensation agreed to be paid to counsel under such employment.
If an administrator appropriate any part of the assets in his hands to the payment of counsel employed by him to prosecute one charged with the murder of his intestate, undoubtedly he would be guilty of a devastavit.
Such acts are wholly inconsistent with the theory of the existence of an administrator and the nature of his office. (Bacon's Abridgment, Title Executors and Administrators, vol. 4, passim; Williams on Executors, vol. 2, p. 1534, et passim.)
As a necessary consequence, there could be no judgment in this action, in view of the facts proved, against Hopper to be levied of the assets of Anderson’s estate.
The proof established the facts, that the note sued on was given for no pre-existing debt against the estate, nor for any consideration which was beneficial to the estate, but for the professional services of Lusk in prosecuting Lemaster and Clark, who were charged with the murder of Anderson.
It would have been erroneous had judgment been rendered against Hopper in personam, because the petition shows that he executed the obligation sued on in his “fiducial capacity,” and not as an individual. It shows that there was no intention upon the part of Hopper, in executing the obligation, to bind himself personally, nor his estate. Judgment is accordingly asked against him in his “ fiducial capacity.”
In the face of such allegations and prayer, the circuit court could not properly have allowed judgment against Hopper ■personally.
Some question is made, in argument, as to the sufficiency of the answer of Lemaster and Clark. In our opinion, the answer *430 is good, and stated matter sufficient to defeat the action of plaintiff.
We do not find any error in the record; wherefore, the judgment of the circuit court is affirmed.