WILLIAM CUNNINGHAM *vs.* WILLIAM HOGAN & others.

Middlesex. March 12, 1883. — Jan. 8, 1884. DEVENS & W. ALLEN, JJ., absent.

Upon a bond given under the St. of 1877, c. 97, by a person having an interest in money or credits attached by trustee process, to dissolve such attachment, with the condition to pay to the plaintiff the sum for which the trustee may be charged, if any, within thirty days after final judgment, no action can be maintained if the trustee has been defaulted, and, although adjudged a trustee, has not been charged for any sum.

MORTON, C. J. This is an action upon a bond given in pursuance of the St. of 1877, c. 97. The condition is substantially in the words of the statute, and is to pay to the plaintiff the sum for which the trustee in the action may be charged, if any, not exceeding the value of the property in his hands or so much thereof as will satisfy the amount recovered by the plaintiff, within thirty days after final judgment or any special judgment rendered under the St. of 1875, c. 68, § 1.

The suit in which the bond was filed was brought in the First District Court of Southern Middlesex, and the defendant and trustee were defaulted; the alleged trustee was charged or adjudged a trustee, but no sum for which he was chargeable was ascertained or fixed, and the plaintiff proceeded and took final judgment against the principal defendant. The obligation assumed by the defendants, by signing and filing the bond, was to pay, within thirty days after final judgment against the defendant in that suit, " the sum for which the trustee may be charged, if any." This means the sum for which the trustee shall be charged in that suit. It is clear, as was held in *Porter* v. *Giles*, 129 Mass. 589, that this sum can only be ascertained in the suit to which he is a party. Until it is thus ascertained that the trustee is chargeable for a certain sum, there is no liability of the obligors in the bond, and no breach of the condition.

The court in which a trustee suit is pending has the power to ascertain and fix in that suit the sum for which the trustee shall be charged. *Miller* v. *Carrier*, 11 Gray, 19. *Brown* v. *Tweed*, 2 Allen, 566. *Jarvis* v. *Mitchell*, 99 Mass. 530. The statute provides that, " when a person is adjudged a trustee, it shall not

be necessary to specify in the judgment the sum for which he is chargeable." Pub. Sts. *c.* 183, § 44. This implies that an authority to adjudicate on the sum for which the trustee is chargeable may be exercised in the original suit, if the court deem it necessary.

We see no good reason why, in a case like this, where the trustee is defaulted, the court should not proceed to fix in the original suit the sum for which the trustee is chargeable. The subject matter and the parties are within the jurisdiction of the court. The plaintiff may file interrogatories to the trustee, and if, after due notice, he does not answer them, the court may pass such order as the case may require. Pub. Sts. *c.* 183, § 12. Justice requires that the court should have and exercise this power: otherwise, any claimant of funds in the hands of a trustee could defeat the purposes of the statute, because practically it is impossible to charge a trustee upon *scire facias* within thirty days after final judgment against the principal defendant.

We are of opinion that the proper course of the plaintiff in this suit was to have had the trustee charged for a definite sum in the original suit. Not having done so, he is left in this difficulty, that, at the time this suit was brought upon the bond, it had not been determined that the trustee was liable for any sum, and therefore the defendants were not liable for a breach of the condition of their bond. The plaintiff contends that, for the purposes of his remedy, the trustee may, by virtue of the judgment adjudging him to be a trustee, be deemed to be charged in the original suit for the amount of the plaintiff's claim. The difficulty is, that this is an assumption and a fiction against the fact. By such judgment, the trustee is not charged for any sum; he is not made liable for any sum, but upon *scire facias* may be discharged from all liability. We think it probable that there are difficulties in the administration of the St. of 1877 not foreseen by the Legislature; but, if so, this is a matter for legislative, and not for judicial, action.

We are of opinion that, upon the facts of this case, the action cannot be maintained.　　　　　　*Judgment for the defendants.*

*G. T. Higley*, for the defendants.
*L. H. Wakefield*, for the plaintiff.