FREDERICK SAUNDERS & another *vs.* MARY M. ROBINSON
& trustee.

Suffolk.    March 1. — 24, 1887.    FIELD & C. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 115, § 8, the sum payable upon the death of a member of a
 beneficiary association is not attachable by a creditor of the beneficiary by
 trustee process, while it remains in the hands of the association ; and the
 creditor cannot maintain such process by proving that the person to whom the
 certificate was issued was not in fact a member of the corporation issuing it, or
 that its funds were not obtained in compliance with the law regulating such
 associations.

TRUSTEE PROCESS.    The Supreme Council of the Royal Arca-
num, summoned as trustee of the principal defendant, answered,
that, at the time of the service of said process upon it, it had
not in its hands or possession any goods, effects, or credits of the
said defendant; that it had in its custody a fund of three thou-
sand dollars on account of a benefit certificate issued to Carlton
W. Robinson, deceased, the late husband of the defendant, which
sum by the original certificate was payable to Mary M. Robin-
son, wife, one third, and the remainder was payable in certain
proportions to his children, as therein named; that, in accord-
ance with the laws of the Royal Arcanum, and as said Carlton
M. Robinson had a right to do so under said laws, he on December
27, 1884, surrendered his benefit certificate and ordered a new
one issued, payable to James M. Beane, his brother-in-law, one
third, and the remainder to his children, in certain proportions,
as therein named and now living; that said surrender of said
certificate was made in accordance with the laws of the Royal
Arcanum, and, under said laws, said Mary M. Robinson had no
right to any part of said fund; that the trustee was an association
formed for a charitable and benevolent purpose, as set forth in
the Pub. Sts. *c.* 115, and that the fund above described was not
liable to attachment by trustee or other process.

The Superior Court discharged the trustee ; and the plaintiffs
appealed to this court.    The facts, other than those stated in
the trustee's answer, appear in the opinion.

*W. F. Slocum*, for the plaintiffs.

*J. H. Butler*, ( *W. S. Stearns* with him,) for the trustee.

Devens, J.    It is the contention of the plaintiffs, that Carlton W. Robinson was not a member of the association known as the Supreme Council of the Royal Arcanum; that there were two distinct bodies; and that there is a distinction between such membership, and that of the Royal Arcanum, of which he was a member.    They therefore urge that, while a benefit certificate was issued to Robinson as a member, it is to be treated as an ordinary insurance on his life; and that, as he cannot be regarded as a member of the corporation which issued it, the rules which apply to policies of insurance on lives govern it, and not those which apply to certificates issued under the provisions of the Pub. Sts. *c.* 115, § 8.

The articles of association and also the certificate of incorporation being silent as to who shall be treated as members of the corporation, the plaintiffs contend that its constitution, art. 4, § 1, which provides that " this supreme council shall be composed of its officers, the representatives from grand councils, and all past supreme regents," and that " no other member of this order shall be admitted under any circumstances," except that original incorporators, if in good standing in their subordinate councils, shall be life members, prescribes the only rule for membership; and therefore that Robinson cannot be regarded as a member.    There is, it must be admitted, a certain confusion resulting from the fact that the supreme council is sometimes treated in the certificate of incorporation, constitution, and by-laws as the corporation, and sometimes as only its governing body, which directs its operations.    It is to the body acting in the latter capacity that the article in question refers.    The section quoted contemplates distinctly, by the use of terms referring to them, that there are other members of the order.    An examination of the whole system shows that the association was established, among other things, for the purpose of affording mutual aid to its members, and also for the purpose of establishing what is termed a widows' and orphans' benefit fund for the payment of specified sums to the widows, orphans, and other dependents of deceased members.    It transacts its business mainly through the agency of grand councils composed from the subordinate councils in each State, and through the agency of these subordinate councils, both of which councils operate under charters

granted by the supreme council, and in accordance with the rules prescribed in such charters. As Robinson became a member of a subordinate council, he was entitled to a voice in its representation in the grand council, and this in turn was entitled to representation in the supreme council as the governing body. When, in the certificate of incorporation, members of the Supreme Council of the Royal Arcanum are referred to as those for whose benefit the association is intended, those who constitute the body which administer its affairs are not alone included, but all who through the subordinate councils become members of the organization or order, as it is termed.

The plaintiffs further contend that, as the sum paid in by the beneficiary is not a fixed sum, to be held by the association, but as, with the exception of a small sum paid upon his admission into the order, he is to pay fixed assessments from time to time, as they may be deemed necessary, and as they shall be ordered by the supreme council, for the payment of what are termed death benefits, the fund is not raised in the manner contemplated by the Pub. Sts. c. 115, § 8. But the scheme is one of coöperative insurance, and there is no more objection to this mode of providing the fund than to an assessment insurance on lives when effected by a stock company incorporated for such insurance. *Commonwealth* v. *Wetherbee*, 105 Mass. 149, 160. It enables a person to lay aside portions of his income, in the nature of an insurance upon his life, to be applied at his death to the use of his widow, orphans, or other dependents; although the method in which he lays it aside is by providing them with a right to its payment from the accumulated funds of the corporation, or from an assessment on others to be laid by it. *Elsey* v. *Odd Fellows' Relief Association*, 142 Mass. 224. *Crossman* v. *Massachusetts Benefit Association*, 143 Mass. 435.. St. of 1880, c. 196.

If we were able to hold that the benefit certificate was like an ordinary policy of insurance, that Robinson was not a member of the corporation, or that its funds were not obtained in compliance with the laws regulating associations of this class, we cannot perceive that it would be for the advantage of the plaintiffs. If Robinson was not a member, or if funds can only be obtained to pay his benefit certificate by methods not permitted

by law to this corporation, the act of the association in issuing the policy was *ultra vires*, and the policy cannot be enforced by us. Whatever the remedy, if any, Robinson's administrator might have to recover back what Robinson has paid, his beneficiary, of whom it is alleged the corporation is trustee, could not enforce such a contract. It is only upon the theory that she could, that the plaintiffs can charge the association as her trustee. That the association has made a contract such as it might lawfully make with Robinson as its beneficial member is, therefore, the point of view most favorable to the plaintiffs' contention.

Without considering whether there had been a change in the beneficiary fully completed at the time the process was served, and assuming that there had not, the question is presented whether the fund, which became payable to the wife upon the death of her husband, would after such death be attachable by the trustee process. That, if the benefit certificate is to be treated as an ordinary life insurance policy, the amount due would become liable for her debts on the decease of her husband may be conceded. *Norris* v. *Massachusetts Ins. Co.* 131 Mass. 294. *Troy* v. *Sargent*, 132 Mass. 408, 409.

The Pub. Sts. *c.* 115, § 8, enact that a corporation organized under that chapter may " provide in its by-laws for the payment by each member of a fixed sum, to be held by such association until the death of a member occurs, and then to be forthwith paid to the person or persons entitled thereto, and such fund so held shall not be liable to attachment by trustee or other process." In view of the object of these beneficiary corporations, of the limited number of persons for whose benefit they are intended, of the fact that the member of the corporation cannot provide for his creditors by a benefit certificate, or dispose of the fund by testamentary bequest, we cannot doubt that the fund due on the certificate is not subject to attachment while it remains in the hands of the corporation. If it were, it would be impossible for the member in many instances to provide for those for whom it was contemplated that he should, by this method, be able to make provision. It is unnecessary, therefore, to consider whether there had been a completed change in the beneficiary made by the member at the time of his decease.

*Judgment affirmed.*