### ARGUED AND DETERMINED

###### IN THE

# SUPREME JUDICIAL COURT

###### OF

# MASSACHUSETTS.

---

ELLEN W. VARIAN *vs.* NEW ENGLAND MUTUAL ACCIDENT ASSOCIATION.

Middlesex.    January 19, 1892. — February 25, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Failure to enter Writ — Payment by Trustee — Answer of Trustee in Scire Facias.*

A. brought a writ, returnable in the Superior Court, against B., summoning C., a corporation, as trustee. The writ was not entered on the return day, a certificate of which fact was obtained two days thereafter from the clerk of the court by C., who, believing that the money in its hands was not subject to attachment, and that A. knew this and therefore had not entered her writ, in good faith and without notice that the writ had, by the permission of the court, been entered late, or that a motion had been filed for that purpose, paid over to B. the money in its hands. *Held,* on *scire facias* against C., that the court rightly ordered judgment for the defendant.

In *scire facias* a trustee's answers are taken to be true, in the same manner as answers in the original suit, and he may answer all matters necessary or proper for his defence.

SCIRE FACIAS on a judgment of the Superior Court against the defendant, as trustee of James W. Newcomb. The Superior Court ordered judgment for the defendant; and the plaintiff appealed to this court.

*J. L. Hunt,* for the plaintiff.

*F. D. Ely & C. G. Keyes,* for the defendant.

FIELD, C. J.  We infer that the defendant in this suit, the alleged trustee in the original suit, answered in the original suit that "it had not in its hands or possession any goods, effects, or credits of the said defendant"; that it was subsequently defaulted because it did not answer the interrogatories filed by the plaintiff; that judgment was entered and execution awarded; that subsequently, after due demand upon it, this writ of *scire facias* was brought, to which it filed an answer on September 30, 1887 ; that on March 28, 1888, it was defaulted, and on April 2 judgment was entered for the plaintiff; that this judgment was vacated on June 23, 1888; and that on April 23, 1890, the defendant obtained leave to file another answer, which is the answer sworn to on March 20, 1890, on which the court ordered judgment for the defendant.   We infer that the judgment rendered on April 2, 1888, was vacated on petition, pursuant to Pub. Sts. c. 187, § 17.

It appears from the answer that the writ in the original suit was returnable into the Superior Court for the county of Middlesex, on the first Monday of November, 1886, which was the first day of said November ; that the writ was duly served on this defendant, but was not entered on the return day ; that on the third day of said November this defendant obtained a certificate from the clerk of said court that the writ had not been entered, whereupon the defendant paid to Newcomb, the principal defendant in the original suit, the sum of $89.28, "due to him upon a casualty or accident insurance certificate or policy"; that this was all the goods, effects, or credits belonging to Newcomb in its possession ; that after the third day of said November the writ was entered late by the plaintiff, without the knowledge of this defendant, and a special precept of attachment was taken out, returnable on the first Monday of the following December ; that the money was paid to Newcomb before this defendant had any knowledge of the entry of the writ or of the issuing of this special precept; that when this precept was served, this defendant had no goods, effects, or credits of Newcomb in its possession ; that this defendant had no notice or knowledge of the order of the court in the original suit, which directed this defendant to answer the interrogatories on or before March 20, 1887 ; and that its failure to answer the interrogatories was not intentional, but was occasioned by accident.

The answer also says, that this defendant is "a corporation organized and doing the business of casualty insurance, under the laws of this Commonwealth," and that the interrogatories filed by the plaintiff related "solely to such goods, effects, and credits of said Newcomb as, if in the hands or possession of this defendant, would not be, and this plaintiff well knew would not be, liable to attachment by trustee process," etc.

We are not called upon to decide whether the answer shows as a fact that this defendant is a corporation authorized to do business by the St. of 1885, c. 183, which declares that the money or other benefit to be paid shall not be attachable by trustee or other process. St. 1885, c. 183, § 11. *Saunders* v. *Robinson,* 144 Mass. 306.

The original writ not having been entered on the return day, and a certificate of that fact having been obtained from the clerk of the court, we are of opinion that this defendant, acting in good faith, could properly pay over to Newcomb any money due him, unless before the payment it had received notice that the writ, by the permission of the court, had been entered late, or that a motion had been filed for that purpose. This rule has some analogies to that established by the Pub. Sts. c. 183, § 28. A failure to enter a writ on the return day is a discontinuance of the action; but as the court has the power to permit the action to be entered late, if application is made within a certain time, until that time has expired it cannot be known that the action may not ultimately be entered in court. See *Dudley* v. *Keith,* 153 Mass. 104. It sufficiently appears from the answer that this defendant believed that the money in its hands was not subject to attachment, and also believed that the plaintiff knew this, and therefore had not entered his writ, and that, acting on this belief, this defendant made the payment in good faith.

In *scire facias* a trustee's answers are taken to be true in the same manner as answers in the original suit, and he may answer all matters necessary or proper for his defence. Pub. Sts. c. 183, § 53. *Burnside* v. *Newton,* 1 Met. 426. *Thompson* v. *Lowell Machine Shop,* 4 Cush. 431. *Hoyt* v. *Robinson,* 10 Gray, 371. *Fay* v. *Sears,* 111 Mass. 154. *Tryon* v. *Merrill,* 116 Mass. 299.

*Judgment affirmed.*