## W. RUSSELL MacAUSLAND *vs.* SAMUEL A. FULLER.

Suffolk.     November 9, 1917. — February 14, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Scire Facias.   Trustee Process.*

It here was *pointed out* that, in R. L. c. 189, §§ 45–49, relating to a writ of scire facias against a person adjudged a trustee in an action begun by trustee process, there is no provision for a trial by jury on the scire facias.

The default of a trustee in an action begun by trustee process upon his failure to answer more fully certain interrogatories when ordered by the court to do so is not an adjudication of the amount due from the trustee, and upon a writ of scire facias to enforce against him the judgment of default all matters of defence as to the amount due from the trustee which have not been passed upon previously by the court are open to him.

Upon such a writ of scire facias, where the plaintiff did not appear to have pressed for answers to his interrogatories already filed and not answered nor to have filed any additional interrogatories, but relied mistakenly on the trustee's previous default as establishing the extent of his liability, and where the trustee in defence to the action of scire facias offered oral testimony giving full answers to the interrogatories which he had failed to answer fully in writing, and this evidence was admitted by the trial judge, subject to the plaintiff's exception, it was *held*, that, although by correct procedure these answers should have been in writing, yet no substantial right of the plaintiff was affected by the reception of the oral evidence and therefore under St. 1913, c. 716, § 1, there was no reversible error in the admission of the defendant's testimony as to the amount actually received by him from the original defendant, which tended to reduce the amount for which he could be charged as trustee.

On the same writ of scire facias it also was *held* that, as the credibility of the oral testimony of the defendant was wholly to be determined by the trial judge, there could be no error of law in his finding based upon it reducing the amount for which the trustee was charged.

WRIT OF SCIRE FACIAS dated May 20, 1915, brought by a physician against Samuel A. Fuller, the alleged trustee of goods,

effects or credit of Edric R. Taylor, against whom the plaintiff obtained a judgment in an action for compensation for professional services reported (in its relation to the trustee) in 220 Mass. 265. In that action the trustee was defaulted for his failure to comply with an order of the court as to further answers to certain interrogatories, and it was ordered that judgment be entered for the plaintiff. In the decision of this court, referred to above, which was made on February 26, 1915, it was decided that there was no error in the orders of the Superior Court and that the default of the trustee was to stand.

The scire facias came on for trial at a jury session before *Morton*, J. A jury was empanelled. The defendant then waived trial by jury, as also did the plaintiff, who had not claimed such a trial. No finding was made by *Morton*, J., but later he ordered that the case be marked on the short trial list for the session without a jury. At that session the case was heard by *Hardy*, J.

The plaintiff introduced in evidence the pleadings and record in the original action and the pleadings and record in the scire facias. Among the facts disclosed by those pleadings and records were the following:

In 1912, or earlier, Edric R. Taylor brought an action against the Boston and Maine Railroad and recovered judgment. Execution issued for $12,850 in his favor. Samuel A. Fuller, Esquire, who was Taylor's attorney in that action, collected the entire amount of the execution.

In September of 1912, W. Russell MacAusland, who had been one of Taylor's physicians after the accident on which the action against the railroad company was based, brought an action in the Municipal Court of the City of Boston against Taylor for his services, naming Mr. Fuller as trustee. The writ was served on Mr. Fuller on September 23, 1912, and was entered in the Municipal Court on the return day, October 19, 1912. On October 23, 1912, Mr. Fuller, as attorney for Taylor, removed the action to the Superior Court by claiming a trial by jury and paying the requisite fee. This was the original action upon which the scire facias was based.

On March 23, 1914, a trial was had in the Superior Court before *Hitchcock*, J. The presiding judge ordered a verdict for the plaintiff in the sum of $436.50, the full amount claimed. There were

no exceptions and no appeal was taken, and execution eventually was issued in the plaintiff's favor. That execution was returned to court, showing attempts to levy upon both the defendant and the alleged trustee, but in no part satisfied.

The interrogatories six and nine, mentioned in the opinion with the answers of the defendant, were as follows:

"Interrogatory 6. If your answer to Interrogatory 5 is in the affirmative, set out in full a copy or copies of such accounting or all such accountings, and state the date or dates on which you rendered it or them."

Answer: "Excepting in so far as this is answered in the answer to Interrogatory 5, I decline to answer on the ground that it is immaterial and irrelevant, unless ordered to do so by the court."

"Interrogatory 9. What amount did you charge said Edric R. Taylor for your services in connection with the action mentioned in Interrogatory 1?"

Answer: "I decline to answer on the ground that it is immaterial and irrelevant unless ordered to do so by the court."

The judge at the original trial ordered the defendant to make further answer to these interrogatories, and for his failure to do this he was defaulted as stated above. On the trial of the scire facias the defendant offered no evidence except his own testimony. He offered to show to whom he paid various sums of money from the $12,850 in his hands as attorney for Taylor with the dates and amounts of such payments and the amount he charged Taylor for his own services and expenses. He offered no other material testimony. The plaintiff objected to the introduction of this evidence, and the judge admitted it subject to the plaintiff's exceptions.

The judge found for the plaintiff in the sum of $200.25, and the plaintiff alleged exceptions.

The case was submitted on briefs.

*W. H. Powers, A. A. Folsom & W. Powers,* for the plaintiff.

*C. Toye,* for the defendant.

RUGG, C. J. This is a scire facias to determine the amount which shall be paid by the trustee in an action begun by trustee process against one Taylor, the principal defendant. R. L. c. 189, §§ 45–49. The claim for trial by jury rightly was waived. There is no provision for such a trial in this proceeding.

The action by trustee process and the writ of scire facias to determine the amount to be paid by the trustee "are part of one continued and connected course of proceedings." *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84, 85. At an earlier stage of this proceeding the plaintiff recovered judgment against the principal defendant. The present defendant having been summoned as trustee and having answered, "No funds," was interrogated as provided in R. L. c. 189, § 11, and for failure to answer certain interrogatories was defaulted and adjudged a trustee. *MacAusland* v. *Fuller*, 220 Mass. 265. The court might have gone forward at that time, and determined the amount actually due from the trustee to the principal defendant, which he ought to be ordered to pay to the plaintiff toward the satisfaction of the debt. *Cunningham* v. *Hogan*, 136 Mass. 407. But that was not done. The trustee was merely defaulted. The court did not undertake to determine the amount due to the principal defendant from the trustee, which he ought to pay to the plaintiff. That subject was not litigated then and was not adjudicated.

The simple default of the trustee did not render him liable absolutely. *Shawmut Commercial Paper Co.* v. *Cram*, 212 Mass. 108. The default was not an adjudication of the amount due from the trustee. Cases relied upon by the plaintiff, like *Wilcox* v. *Mills*, 4 Mass. 218, 220, and *Hall* v. *Young*, 3 Pick. 80, hold that a trustee upon whom service has been made and who has been defaulted cannot thereafter question the jurisdiction of the court over him. They are inapplicable to a proceeding to establish the amount due from the trustee. The cases of *Perkins* v. *Bangs*, 206 Mass. 408, and *Sigourney* v. *Stockwell*, 4 Met. 518, did not arise on trustee process and therefore have no bearing upon the case at bar. The trustee is not the principal defendant and is not compelled by the statute to appear and to try his whole liability on the original summons, but may present his defence on its merits on the scire facias. That statutory practice has its foundation in the principle that ordinarily the trustee is a stakeholder, having no interest in the litigation between the plaintiff and the principal defendant, and that he ought to be placed in no worse position than he would have been in if he had not been drawn into that proceeding. *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384. See *Laughran* v. *Kelly*, 8 Cush. 199. At the hearing upon

the scire facias all matters of defence as to the amount due are open to the trustee, which have not been passed upon previously by the court. Therefore, the amount for which the trustee actually is liable must be ascertained at the present stage of the proceedings. The reasons for this are amplified by Chief Justice Bigelow in *Brown* v. *Tweed,* 2 Allen, 566. See, also, *Jarvis* v. *Mitchell,* 99 Mass. 530, and *Barnes* v. *Shelburne Falls Savings Bank,* 186 Mass. 574, 577.

The liability of one sought to be charged as trustee in scire facias ordinarily is to be determined upon an examination by interrogatories and answers, which are to be filed and answered in the same manner and with the same force and effect as in the original action. The interrogatories and answers arising in the initial stage of the proceedings are pertinent for consideration in determining the amount to be paid by the trustee. The answers are to be considered true, and if wilfully false the trustee is liable in an action of tort to pay to the plaintiff the amount of his judgment. R. L. c. 189, §§ 48, 18. *Fay* v. *Sears,* 111 Mass. 154. *Tryon* v. *Merrill,* 116 Mass. 299. *First National Bank of Clinton* v. *Bright,* 126 Mass. 535. *Varian* v. *New England Mutual Accident Association,* 156 Mass. 1, 3. *Wilde* v. *Mahaney,* 183 Mass. 455, 460. *Hubbard* v. *Lamburn,* 194 Mass. 398. See *Thompson* v. *King,* 173 Mass. 439. In the case at bar the answers by the trustee to interrogatories filed at the initial stage on their face showed that he was chargeable for the amount for which he was found liable by the judge. The plaintiff does not appear to have pressed for answers to the interrogatories already filed but not answered, nor to have filed any additional interrogatories. He relied on the previous default as establishing the extent of liability of the trustee. But, as has been shown, that contention is unsound.

The oral testimony offered by the trustee constituted in substance answers to interrogatories six and nine originally filed, which he declined to answer at the stage of the proceedings reported in 220 Mass. 265. Correct procedure required that these answers be in writing. But no substantial right of the plaintiff has been affected by the reception of oral evidence in place of written answers. St. 1913, c. 716, § 1. Therefore, there was no reversible error in the admission of the testimony of the defendant as to the amount actually due from him to the principal defendant.

As the credibility of this testimony was wholly for the trial judge, there is no error of law in the finding based upon it.

*Exceptions overruled.*