NEW ENGLAND GRAPE COMPANY *vs.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND & another.

Suffolk.    February 4, 9, 1929. — September 9, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Bond*, To dissolve attachment, Alteration. *Trustee Process. Evidence*, Competency, Presumptions and burden of proof. *Practice, Civil*, Ordering verdict.

A plaintiff, who had recovered judgment in an action of contract against a man, brought an action against a surety company and a woman who in the original action had executed an instrument in the form of a bond to dissolve an attachment, which was recited in the instrument to have been made by special precept in trustee process, in favor of the plaintiff against the man as defendant and a bank as trustee, of money and credits of the woman, and was conditioned upon the woman within thirty days after final judgment in the action "or after special judgment entered therein in accordance with the provisions of section twenty-four of chapter two hundred and thirty-five of the General Laws . . ." paying "the amount for which the said trustee may be charged, not exceeding the value of the property in its hands, or so much thereof as will satisfy the amount that may be recovered by the said plaintiff." The defendants in their answer alleged that the bond had been altered after it was filed by changing "twenty-four" to read "twenty-five." At the trial, both witnesses for the plaintiff and witnesses for the defendants testified that when executed and when filed the bond had read "twenty-four." When produced in evidence it was disclosed that letters had been superimposed upon one another in such way that it was not clear whether the bond read "twenty-four" or "twenty-five." The judge excluded evidence that a change was made after an attested copy of the bond had been made

by an assistant clerk of the court about five years after the bond had been filed, and testimony of a lawyer that in preparing the bond he had struck out "five" from an old form of bond given by him to his stenographer as a guide in her work and had inserted "four," and that the bond as executed read "twenty-four." There was no evidence to show who made the change, if any change ever had been made. *Held*, that

(1) The evidence should have been admitted; it was material and competent on the issues, whether the paper put in evidence was the bond which had been executed and filed, and whether the paper had been altered, and, if so, how it had read originally;

(2) While the defendants would not be affected by a change made by a third party with no interest, the burden, if they could show an alteration, of proving the alteration to be immaterial would be upon the plaintiff, who was the party relying upon the instrument.

The instrument above described recited that it was given to dissolve an attachment made by special precept in trustee process on June 1, 1922. An answer by the trustee showed that in November of 1921 and February of 1922 the alleged trustee had a deposit in the name of the man, "trustee for" the woman. In April, 1927, an indorsement was made, "allowed," upon a motion by the plaintiff in the original action that the trustee be charged. The plaintiff was permitted to introduce in evidence a statement in writing by his attorney, which was filed at the same time as the motion above described to charge the trustee, in effect that the person named as creditor in an answer by the trustee was the same person as the defendant in the writ in the original action and that the deposit standing in the name of the man, the principal defendant, "trustee for" the woman, was in fact the deposit of the principal defendant. A judgment subsequently was recorded against the man, which had not been paid. The judge at the trial of the action on the bond ordered a verdict for the plaintiff. *Held*, that

(1) The allowance of the motion in 1927 was an order by the court in the original action charging the defendant generally, but in no specific amount, and did not go far enough to show that, as matter of law, there had been any charge based upon the attachment dissolved by the bond;

(2) Such order fell short of making out conclusively that neglect to pay the judgment was a breach of the bond;

(3) The determination of liability of the defendant depended upon inferences of fact to be drawn from the evidence introduced, and should have been left to the jury under proper instructions;

(4) The ordering of a verdict for the plaintiff was error.

CONTRACT against Fidelity and Deposit Company of Maryland and Rosa Bonfiglio upon a bond, with a declaration described in the opinion. Writ dated May 18, 1927.

The defendants' answer as amended contained a general

300    NEW ENG. GRAPE CO. v. FIDELITY & DEPOSIT CO.    [268

denial and an allegation "that after the filing of the bond, (a copy of which is annexed to the plaintiff's declaration) in the clerk's office of the Municipal Court of the City of Boston, it was materially altered by changing the word 'twenty-four' as it appeared after the word 'section' in the condition of said bond to 'twenty-five.' Wherefore they say that there can be no recovery on said bond."

In the Superior Court, the action was tried before *Flynn*, J. It was admitted that the plaintiff had brought an action against Santo Bonfiglio in the Municipal Court of the City of Boston and on April 15, 1927, had recovered judgment therein against that defendant in the amount of $2,033.60; that the defendant, Rosa Bonfiglio, had not within thirty days thereafter paid anything to the plaintiff under the instrument which was the basis of this action; that neither the defendant Rosa Bonfiglio nor the Fidelity and Deposit Company of Maryland had paid anything on account of the bond in suit; that on November 12, 1921, and on February 1, 1922, special precepts had issued from the said Municipal Court in the original action naming the Fourth Atlantic National Bank as trustee, and had been served upon the bank on said dates respectively; that on April 7, 1922, the principal in the original action had filed interrogatories to the Fourth Atlantic National Bank as trustee, to which the bank had filed answers under oath stating that on November 12, 1921, there was with it "to the credit of Santo Bonfiglio, trustee for Rosa Bonfiglio," $4,177.53, and on February 1, 1922, $1,186.76; that on April 1, 1927, the plaintiff had filed in the said original action a motion that the Fourth Atlantic National Bank "be charged," and that said motion was endorsed on the back "Fourth Atlantic National Bank." "Allowed." There was introduced in evidence a certificate by the assistant clerk of the said court that the Fourth Atlantic National Bank as trustee "was charged on motion" on April 1, 1927. There also was admitted in evidence, subject to the defendant's exception, a document printed in the record as follows:

Municipal Court of the City of Boston For Civil Business.

No. 10699 of 1920.

| | |
|---|---|
| N. E. Grape Co. | Plff. |
| Bonfiglio | Deft. |
| and | |
| Atlantic Nat. Bank | Tr. |

The plaintiff in the above entitled action alleges that the Creditor named in the Trustees' answer is the same party as the Defendant named in the writ, and that the deposit "Santo Bonfiglio Trustee for Rosa Bonfiglio" is in fact the deposit of the individual defendant.

S. L. BAILEN, Atty for Plff.

Filed April 1, 1927.

Hearing before Bolster, J. on April 1, 1927.

The bond which is the basis of the suit, excepting the *in testimonium* clause and the signatures of the parties, was as follows:

"KNOW ALL MEN BY THESE PRESENTS

That we, Rosa Bonfiglio, of Boston, County of Suffolk, and Commonwealth of Massachusetts as principal and the Fidelity and Deposit Company of Maryland as surety are holden and stand firmly bound unto the New England Grape Company, a domestic corporation having its usual place of business in the City of Boston aforesaid, in the sum of Two Thousand dollars, to the payment of which to the said New England Grape Company or its successors or assigns, we hereby jointly and severally bind ourselves, our heirs, administrators, successors or assigns.

The condition of this obligation is such that whereas the said New England Grape Company has caused the money and credits of Rosa Bonfiglio to the value of two thousand ($2,000.00) to be attached by special precept in favor of the said New England Grape Company against the said Santo Bonfiglio principal defendant and the.

Fourth Atlantic National Bank of Boston alleged trustee, bearing date the first day of June, A. D. 1922, and returnable to the Municipal Court for the County of Suffolk in the Commonwealth of Massachusetts, on the tenth day of June, A. D. 1922, and whereas, the said Rosa Bonfiglio desires to dissolve said attachment according to law.

Now, therefore, if the said Rosa Bonfiglio shall within thirty days after final judgment in the aforesaid action, or after special judgment entered therein in accordance with the provisions of section twenty-four of chapter two hundred and thirty-five of the General Laws of the Commonwealth of Massachusetts, pay to the said plaintiff the amount for which the said trustee may be charged, not exceeding the value of the property in its hands, or so much thereof as will satisfy the amount that may be recovered by the said plaintiff, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

Other material evidence and rulings by the trial judge are stated in the opinion. The judge denied a motion that a verdict be ordered for the defendants, ordered a verdict for the plaintiff in the sum of $2,000, and assessed damages in the sum of $2,069.33. The defendants alleged exceptions, which, after the death of *Flynn,* J., were allowed by *Keating,* J.

*James J. McCarthy,* for the defendants.

*S. L. Bailen,* for the plaintiff.

WAIT, J.    This is an action upon a bond given by a claimant to dissolve an attachment made by special precept in an action in which the New England Grape Company was plaintiff, Santo Bonfiglio was defendant, and the Fourth Atlantic National Bank was named as trustee. The writ in that action was entered in the Municipal Court of the City of Boston on October 23, 1920. Special precepts issued and were served on November 12, 1921, and on February 1, 1922, which named the Fourth Atlantic National Bank as trustee. On April 7, 1922, the plaintiff filed interrogatories to the trustee. On April 20, 1922, the bank answered stating under

oath that on November 12, 1921, there were in its hands "to the credit of Santo Bonfiglio, trustee for Rosa Bonfiglio, $4,177.53," and on February 1, 1922, $1,186.76. The bond in suit recited that Rosa Bonfiglio, as principal, and the Fidelity and Deposit Company of Maryland, as surety, were bound in the sum of $2,000 to the New England Grape Company which had caused money and credits of Rosa Bonfiglio to the value of $2,000, to be attached by special precept in favor of the Grape Company against Santo Bonfiglio as principal defendant and the bank as alleged trustee, dated June 1, 1922, and returnable to the court on June 10, 1922, which Rosa desired to dissolve. The declaration alleged that the condition of the bond was that if Rosa Bonfiglio within thirty days after final judgment in the action "or after special judgment entered therein in accordance with the provisions of section twenty-four of chapter two hundred and thirty-five of the General Laws . . ." pay "the amount for which the said trustee may be charged, not exceeding the value of the property in its hands, or so much thereof as will satisfy the amount that may be recovered by the said plaintiff" then the obligation should be void, otherwise it should remain in full force. Witnesses for both plaintiff and defendant testified that the condition so read when the bond was executed on July 18, and on July 19, 1922, when it was filed. On April 1, 1927, the plaintiff filed a motion alleging that the creditor named in the trustee's answer was the same person named as defendant in the writ and that the deposit "Santo Bonfiglio Trustee for Rosa Bonfiglio" was in fact the deposit of the defendant; and praying that the trustee "be charged." Hearing was had on April 1, 1927, indorsement "allowed" was made on the motion, and the bank was charged as trustee. No amount was stated in the motion nor stated by the court in its order. Judgment was recovered against Santo Bonfiglio on April 15, 1927, in $2,000 damages and $33.60 costs.

At the trial the plaintiff put in evidence the bond filed with the court, which disclosed that letters had been superimposed upon one another in such way that it was not clear whether the section of chapter 235 of the General Laws referred to was "twenty-four" or "twenty-five." The defendant con-

tended that the bond had been altered to read "twenty-five"; and, as evidence to show that originally the paper as filed read "twenty-four," called an assistant clerk of the court, who testified that on May 12, 1927, he made an attested copy of the bond then on file, and identified as that copy a paper shown him, which contained the words "twenty-four" at the place in question. This paper was excluded against the defendant's exception. Testimony of a lawyer that in preparing the bond he had struck out "five" from an old form of bond given by him to his stenographer as a guide in her work and had inserted "four," and that the bond as executed read "twenty-four" was also excluded. These rulings were erroneous. It was matter of fact for a jury to determine whether the word in the paper offered in evidence as the original bond, in fact, was "four" or "five"; and whether when so offered the paper differed from the paper in its original state. The testimony offered was not sought to be introduced to vary or contradict the language of the instrument and thus to affect its construction; but went to the issues whether the paper put in evidence was the bond executed and filed in the case, and whether the paper had been altered, and how it read originally.

There was no evidence to show who made the change, if any change ever had been made. The defendants would not be affected by a change made by a third party with no interest, *Chessman* v. *Whittemore*, 23 Pick. 231, 233, *Tulane University* v. *O'Connor*, 192 Mass. 428; but, if they could show an alteration, the burden of proving the alteration to be immaterial would be upon the party relying upon the instrument, here the plaintiff. We cannot properly say that no prejudice to the defendant resulted from the exclusion of the evidence.

Furthermore, it was for the jury to determine whether there had been a breach of the bond. The bond in suit was given to dissolve an attachment made on June 1, 1922. The evidence showed that in November of 1921 and February of 1922 the bank held property which perhaps belonged to Santo Bonfiglio; but it failed to show that on June 1, 1922, the bank held property of Santo attached by the later special precept,

and that it had been charged as trustee on account of such holding. The order of the court charging the defendant generally, but in no specific amount, did not go far enough to show that, as matter of law, there had been any charge based upon the attachment dissolved by the bond. It fell short, therefore, of making out conclusively that neglect to pay the judgment was a breach of the bond. *Cunningham v. Hogan*, 136 Mass. 407. See *MacAusland v. Fuller*, 229 Mass. 316, 319. Whether or not the bank was liable depended upon inferences of fact to be drawn from the evidence introduced, under proper instructions.

We see no error in the refusal to direct a verdict for the defendant; but we think there was error in directing a verdict for the plaintiff.

*Exceptions sustained.*