RALPH B. MAREAN, temporary guardian, *vs.* WILLIAM H. KERSHAW.

Berkshire.    September 20, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Probate Court,* Appeal, Motion to strike out appearance.

Where, upon appeal, by the respondent in a petition in a probate court for the allowance of an account of a temporary guardian, from the allowance of a motion by the petitioner to strike out the appearance of the respondent, there was no report of the evidence nor of material facts found by the judge of probate, the only question open in this court was the power of the judge to allow the motion upon any evidence which might have been introduced thereunder.

Although the respondent in the petition above described sought to contest the jurisdiction of the Probate Court to deal with the account on the ground that the ward was domiciled in Vermont and that the respondent had been appointed special administrator of his estate by a court of that State, the judge might have found to be true allega-

tions in the petition that the ward was domiciled in this Commonwealth and that an administrator of his estate had been appointed here, in which event the motion to strike out properly was allowed; and the order allowing it was affirmed.

PETITION, filed in the Probate Court for the county of Berkshire on July 25, 1931, for allowance of the first and final account of the petitioner as temporary guardian of Thomas Hanrahan, an insane person, alleged to be of Dalton.

A special appearance was filed by the respondent, who alleged that said Thomas Hanrahan was "late of Rutland," Vermont, and that the respondent had been appointed special administrator of his estate by a court of Vermont; and he sought to question the jurisdiction of the Probate Court over the account and the appointment of the petitioner as temporary guardian.

The petitioner filed a motion to strike out the respondent's appearance, alleging that Hanrahan was a resident of this Commonwealth at the time of his death, that an administrator of his estate had been appointed here and that the respondent "has no status in law to oppose the allowance of said account or any interest therein."

The motion was heard by *Robinson,* J., and was allowed. The respondent appealed. The record on appeal is described in the opinion.

*M. B. Warner,* for the respondent.

*F. M. Myers,* for the petitioner.

CROSBY, J. This is an appeal from an order entered by the Probate Court in Berkshire County striking out a special appearance in behalf of the appellant, who avers that he has been appointed a special administrator of the estate of Thomas Hanrahan in the State of Vermont. The evidence upon which the judge acted is not before us, and no finding of material facts was made by him, as provided in G. L. (Ter. Ed.) c. 215, §§ 11, 13, 18. The court had power to enter the order on any competent evidence presented at a hearing on the motion. In the absence of any report it must be presumed that the judge acted upon sufficient evidence. *Jordan* v. *Ulmer,* 237 Mass. 577, 580. The case

is before us simply on appeal from the order striking out the special appearance. Nothing is open on such an appeal but the power of the court to enter it upon any evidence that might have been presented under the motion to strike out the special appearance. *Hale* v. *Blanchard*, 242 Mass. 262, 264. *Conley* v. *Fenelon*, 266 Mass. 340, 342. If the judge found, in accordance with the grounds set forth in the motion, that at the time of his death Thomas Hanrahan was domiciled in this Commonwealth, and that an administrator of his estate had been appointed here, the motion was rightly allowed. There is nothing in the record to show that the original appointment of the temporary guardian was invalid, or that the Probate Court did not have ample power and jurisdiction to deal with the account of such guardian.

As no error of law appears in the allowance of the motion to strike out the special appearance filed by the appellant to the account of the temporary guardian the entry must be

*Order affirmed.*