ALEXANDER KOLDA *vs.* NATIONAL-BEN FRANKLIN FIRE
INSURANCE COMPANY.

Suffolk.    March 6, 1934. — March 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & LUMMUS, JJ.

*Practice, Civil,* Appellate division: appeal, report; Notice. *Notice.*
*Scire Facias. Trustee Process. Evidence,* Presumptions and burden
of proof. *Res Judicata.*

Statements by RUGG, C.J., as to the nature of and procedure in scire
facias against a trustee under G. L. (Ter. Ed.) c. 246, § 45.
It *was stated* that where a judge of a municipal court allowed a motion
to extend the time for perfecting an appeal from a decision of the
Appellate Division ordering dismissed a report in an action heard
by the judge, the proper method for the appellee to adopt to bring
the propriety of the allowance of such motion before the Appellate
Division was by report with respect to the hearing thereon, not by
raising that question in connection with a motion, filed with the Appel-
late Division, to dismiss the appeal for want of seasonable prosecution.
The mere fact that a docket entry showed that a certain notice was sent
by the clerk on a certain date, the date of the notice not being stated
in the docket, did not require a finding as matter of law that the date
of the notice was the date upon which it was sent.
It could not be said by this court that there had been error in the denial
of a motion to dismiss, for want of seasonable prosecution, an appeal
from a decision by an appellate division, where the record before this
court contained only the motion, the denial thereof, and an appeal
by the moving party from the denial, without a report of any facts:
the record did not show as matter of law that the motion ought to
have been allowed.
There was no warrant for procedure whereby "the evidence together
with the findings in the matter of charging" an alleged trustee sum-
moned in an action was "brought forward and adopted as the evidence
and findings in" an action of scire facias subsequently brought against
the trustee under G. L. (Ter. Ed.) c. 246, § 45.

Procedure whereby an alleged trustee summoned in an action was charged upon the basis of an agreed statement of facts not verified by the oath of any party and of certain evidence was not authorized by the statutes governing trustee process and was irregular.

Where an alleged trustee summoned in an action was charged therein in an irregular manner not authorized by the statutes governing trustee process, the question whether he was liable as a trustee was not *res judicata* in an action of scire facias subsequently brought against him under G. L. (Ter. Ed.) c. 246, § 45.

SCIRE FACIAS in the Municipal Court of the City of Boston dated October 19, 1932.

The action was heard in the Municipal Court by *Duff,* J., who found for the defendant. A report to the Appellate Division was ordered dismissed. The plaintiff appealed. A motion by the defendant to dismiss the plaintiff's appeal was denied by the Appellate Division. The defendant appealed from such denial. Material facts are stated in the opinion.

*D. Flower,* for the plaintiff.

*H. W. Cole,* (*R. H. Lee* with him,) for the defendant.

RUGG, C.J. This is a writ of scire facias brought against the defendant, which was adjudged a trustee in an action begun by the plaintiff by trustee process against one Blanche Kuzmuk as principal defendant. It is brought pursuant to G. L. (Ter. Ed.) c. 246, § 45, to secure judgment and execution against the defendant, which has not paid upon demand the execution issued in the original action. Such a scire facias is not an independent civil action but a judicial writ to enforce the judgment previously rendered. The original action and the writ of scire facias "are part of one continued and connected course of proceedings." *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84, 85. *Barringer* v. *Northridge,* 266 Mass. 315, 318.

The decision by the Appellate Division on the merits of the scire facias was adverse to the plaintiff, who claimed an appeal. The defendant filed a motion to dismiss that appeal for want of prosecution in that the plaintiff did not make deposit to pay the estimated expense of the preparation and transmission of necessary papers for this court "within twenty days after the date" of the notice of such

expense from the clerk. That motion was denied after a hearing by the Appellate Division. The defendant appealed from that denial to this court. The record on this branch of the case consists of the motion, the denial of the motion and the appeal. No facts are reported. No ruling of law was made except such as may be involved in the denial of the motion. The opinion of the Appellate Division accompanying its disposition of this motion recites a resort to the docket entries and records of the case. Thus it is shown among other matters that on motion of the plaintiff his time for perfecting appeal was by a trial judge extended "after hearing" to November 20, 1933. If this extension was warranted, the appeal was perfected within the time as extended. The burden of showing error in this respect was on the defendant. *Loonie* v. *Wilson,* 233 Mass. 420. The defendant might have presented requests for rulings of law and asked for a report to the Appellate Division with respect to that hearing by the trial judge. That was the proper way to bring the matter to the Appellate Division. G. L. (Ter. Ed.) c. 231, § 108. That course was not pursued. The Appellate Division is designed to review questions of law shown on a report by the trial judge. *Loanes* v. *Gast,* 216 Mass. 197, 199. While it might exercise discretionary power to ascertain the facts under G. L. (Ter. Ed.) c. 231, §§ 110, 125 (see *Buchannan* v. *Meisner,* 279 Mass. 457), the Appellate Division could not be required to do so. It did not exercise that power in the case at bar. It cannot be said that as matter of law on the face of the record the motion ought to have been granted. There is no copy of the notice sent by the clerk to the plaintiff. The docket entry does not show the date of the notice although purporting to show when it was sent. The defendant argues that it must correspond with the docket entry and that hence the order extending the time was not legally permissible because not entered before the time had expired. *Hack* v. *Nason,* 190 Mass. 346. *Buchannan* v. *Meisner,* 279 Mass. 457, 459. That is not necessarily so. It might have been misdated. Its date was a fact which must be found. The ruling that

this point was not properly presented to the Appellate Division cannot be pronounced erroneous. It is not necessary to consider the argument of the defendant to the effect that the date of the notice rather than the time of its receipt is controlling. See *Shaughnessey* v. *Lewis,* 130 Mass. 355; *Old Colony Trust Co.* v. *Medfield & Medway Street Railway,* 215 Mass. 156, 158; *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 501; *Mutual Life Ins. Co.* v. *Hurni Packing Co.* 263 U. S. 167, 175, and cases cited. *Wood* v. *Brotherhood of American Yeomen,* 148 Iowa, 400. *Bement* v. *Trenton Locomotive & Machine Manuf. Co.* 3 Vroom, 513. The result is that the record did not affirmatively show as matter of law that the motion to dismiss ought to have been allowed. *Conley* v. *Fenelon,* 266 Mass. 340, 342. *Abeloff* v. *Peacard,* 272 Mass. 56, 59. *Marean* v. *Kershaw,* 281 Mass. 332.

The record with reference to the merits of the case is meager. It is stated that the trustee filed an answer in the original case. Its contents are not recited. Before the trial on the scire facias the plaintiff moved that "the evidence together with the findings in the matter of charging the trustee in the original action . . . be brought forward and adopted as the evidence and findings in the present case." That motion was allowed without previous notice to the defendant. Thus it appears that, at the hearing on the motion to charge the trustee, an agreed statement of facts was before the court. Summarily stated, that agreed statement was to the effect that the trustee (the present defendant) issued a policy of fire insurance on certain real estate insuring Blanche Kuzmuk, the principal defendant, as owner, payable in case of loss to Needham Co-operative Bank, first mortgagee, as its interest might appear. The insured property was injured by fire and the amount of loss was agreed by the principal defendant and the insurer to be $868.82 on July 10, 1931. The Needham Co-operative Bank, on October 19, 1931, unbeknown to the plaintiff, brought an action against the insurer to recover on the policy. In that action judgment was rendered in favor of the Needham Co-operative Bank for $868.82, interest and

costs being waived. In August, 1931, the defendant received notice from one Gilman that he held an assignment from the principal defendant and her husband of all her interest under the loss. The insurer, being the present defendant, paid the Needham Co-operative Bank the sum of $868.82 and execution indorsed as paid in full was filed in court. In addition to these agreed facts, there was evidence at the hearing on the motion to charge the trustee tending to show that at the time of service of process on the trustee the mortgagor had fully restored the damaged property to its former condition. The trustee was charged and execution issued.

When the trustee failed to pay the execution, this scire facias was brought. The present defendant in its answer alleged that it had no goods, effects or credits of the original principal defendant at the time of the action or subsequently. At the trial on the scire facias the execution was admitted in evidence showing due and sufficient demand on the trustee. The general agent of the defendant testified that the policy of insurance was issued by the defendant, that the insured property was damaged by fire, and that the amount of damage due under the policy had been adjusted but not paid at the time of the service of the trustee writ on the defendant as trustee, that action was brought against it by the Needham Co-operative Bank and judgment against it had been paid by it to the bank, and that the present plaintiff was not a party to that action.

The plaintiff presented these requests for rulings, which were denied: "1. On all the evidence, judgment should be entered for the plaintiff in the sum of $868.82. 2. The findings of the court in the original action are *res adjudicata* in the present action. . . . 4. The finding of the court in the former action based upon the agreed statement of fact is an adjudication of the liability of the trustee." The finding was for the defendant. A report was made to the Appellate Division.

The first request for ruling has not been argued and under the familiar rule is treated as waived.

The second and fourth requests in substance ask for a

ruling that the charging of the trustee was an adjudication of its liability, which the trustee cannot attack on scire facias.

The proceedings in charging the trustee in the original action were very irregular. It is stated in the opinion of the Appellate Division that from an examination of the record in the original case the plaintiff interrogated the trustee and sworn answers were filed. As there described, there is no binding admission of liability on the part of the trustee. There is nothing in the record before us on the point. So far as disclosed by the printed record before us, there was no examination of the trustee under oath. An agreed statement of facts was filed. The principal defendant, whose property was at stake, does not appear to have been consulted. Attachment by trustee process is established and regulated by statute for holding property of another against his will to answer for a debt due the plaintiff. The method prescribed by law must be followed. The alleged trustee cannot perfect such attachment by consent or stipulation. *Barker* v. *Tabor,* 4 Mass. 81. *Zani* v. *Phandor Co.* 281 Mass. 139, 148–149. The statutory procedure where the trustee appears is that the trustee make answer in writing, be interrogated in writing, and make sworn answers in writing. G. L. (Ter. Ed.) c. 246, §§ 10–19. There was error in the order bringing forward the evidence and findings in the original case and adopting them in the present case. There is no warrant for such procedure. No inquiry need be made as to circumstances which may render a charging of the trustee in the original proceeding binding on the trustee or controlling on scire facias. *Hoyt* v. *Robinson,* 10 Gray, 371. *Miller* v. *Carrier,* 11 Gray, 19. *Brown* v. *Tweed,* 2 Allen, 566. *Cunningham* v. *Hogan,* 136 Mass. 407. *Barnes* v. *Shelburne Falls Savings Bank,* 186 Mass. 574, 577. *MacAusland* v. *Fuller,* 229 Mass. 316. None of these decisions aid the plaintiff upon the present record. The original proceedings charging the trustee, having been based upon matters not authorized by the statute, carry no finality in the scire facias. The granting of the requests

of the plaintiff would produce a result directly contrary to the settled doctrine that a trustee should be placed in no worse position than if the principal defendant had brought an action against him directly. *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384. On scire facias the trustee may be examined in the same manner as in the original action and may prove any matter necessary or proper for his defence. The case is not thrown open to trial at large by common law methods. G. L. (Ter. Ed.) c. 246, § 48. *Varian* v. *New England Mutual Accident Association,* 156 Mass. 1, 3. Ordinarily the judgment charging a trustee is interlocutory and not final in nature. This follows from the numerous cases where it has been held that a trustee, although charged in the original action, was not liable on scire facias. It has sometimes been stated expressly; it is implicit in other decisions. *Bickford* v. *Boston & Lowell Railroad,* 21 Pick. 109, 111–112. *Burnside* v. *Newton,* 1 Met. 426. *Thompson* v. *Lowell Machine Shop,* 4 Cush. 431. *Fay* v. *Sears,* 111 Mass. 154. *First National Bank of Clinton* v. *Bright,* 126 Mass. 535. *Varian* v. *New England Mutual Accident Association,* 156 Mass. 1, 3. *Stillings* v. *Young,* 161 Mass. 287. *Thompson* v. *King,* 173 Mass. 439. *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384. *New England Grape Co.* v. *Fidelity & Deposit Co. of Maryland,* 268 Mass. 298, 305. *Matthew Cummings Co.* v. *Grande,* 281 Mass. 546, 549.

In the case at bar the trustee was charged originally upon an agreed statement of facts not verified by the oath of any party. The statutory requirements were ignored. The decision could not be final in scire facias. *Zani* v. *Phandor Co.* 281 Mass. 139, 149. The plaintiff's requests were denied rightly. It is to be observed that the record discloses no determination of the rights of Gilman as assignee of the original defendant. *Dix* v. *Cobb,* 4 Mass. 508, 512.

> *Order denying motion to dismiss appeal affirmed.*
> *Order dismissing report affirmed.*