*Northern District*

No. 5015

## LONGWOOD HOME MODERNIZING CORP.
### v.
### SECURITY TRUST CO.

(March 13, 1957)

*Gadsby, P. J.* This is a writ of *scire facias* brought against the Security Trust Company, a banking corporation, which was adjudged a trustee in an action brought against one Bernard Gold, doing business as Apex Venetian Blind Mfg. Co. The answer of the Security Trust Co. is a general denial.

One Samuel Zimmerman filed a petition of adverse claimant alleging that Bernard Gold had made an assignment of the funds in the hands of the Security Trust Company to him as attorney for the defendant in the original trustee process action.

The trial judge denied requests numbers 1 and 2, filed by the plaintiff on the ground that they were inapplicable to the facts found on the basis of the decision. These requests were as follows:

"1. In an action on a writ of *scire facias*, the plaintiff is entitled to judgment against the trustee, although it is found that the original writ named the principal defendant by an alias used by him, which alias was not the name under which the funds admittedly in the hands of the trustee were held, if it is found that the trustee had not previously paid out such funds in ignorance of the principal defendant's use of alias, and that an assignment of said funds had not been made to a third person who was ignorant of the principal defendant's use of said alias."

"2. An attachment by trustee process in which the writ and declaration have been amended to substitute the correct plaintiff for that originally named therein is valid against an assignment of the funds in the hands of the trustee made subsequent to the allowance of said amendment and with full knowledge by the assignee of the allowance of said amendment."

The trial judge found for the defendant and made the following finding of facts and decision:

"This is a writ of *scire facias* brought against the Security Trust Company, a banking corporation, which was adjudged a trustee in an action brought against one Bernard Gold, doing business as Apex Venetian Blind Mfg. Co.

In the original trustee process action, the writ returnable February 12, 1955, the plaintiff was named as Automatic Heating Corporation of Massachusetts,

and the defendant was described as Bernard Gold, d/b/a Apex Venetian Blind Mfg. Co.

On February 16, 1955, the said Security Trust Company, as the named trustee, filed an answer as follows: 'The Security Trust Company, summoned as Trustee makes answer that at the time of the service of the plaintiffs' writ upon it, it had in its hands and possession, standing to the credit of Bernard Goldberg, d/b/a Apex Venetian Blind Mfg. Co., $1,778.64, but whether the said Bernard Goldberg, d/b/a Apex Venetian Blind Mfg. Co., is the same person named in the plaintiffs' writ in the above entitled action, said Trustee is unable to state and therefore calls upon the plaintiff to prove the same.'

On August 26, 1955, the plaintiff filed a motion to amend the writ and declaration by substituting the name of 'Longwood Home Modernizing Corporation' in lieu of 'Automatic Heating Corporation' as party plaintiff. The motion was allowed on September 2, 1955.

On December 16, 1955, there was a hearing on the merits and a finding for the plaintiff.

On December 17, 1955, the plaintiff filed a motion 'to charge the trustee on its answer.' This motion was also allowed, without compliance with provision prescribed by Chapter 246, Section 14, of the General Laws.

At the time of the service of the writ upon the said trustee in the original action, the account of the principal defendant with the said trustee bank, stood in the name of 'Bernard Goldberg d/b/a Apex Venetian Blind Mfg. Co.'

Sometime in November 1955, the principal defendant made an oral assignment of the money in the aforesaid bank account to Samuel Zimmerman, his attorney, for legal services rendered the said defendant by the said attorney.

DECISION: As was said in *Kolda v. National Ben*

*Franklin Fire Insurance Co.,* 290 Mass. 182, at 187, 'Attachment by trustee process is established and regulated by statute for holding property of another against his will to answer for a debt due the plaintiff. The method prescribed by law must be followed.' 'The statutory procedure where the trustee appears is that the trustee make answer in writing, be interrogated in writing, and make sworn answers in writing.' Failure to follow the statutory provision makes the charging of the trustee in the original action a nullity; and the judgment issued based upon the said charging is of no effect as against the defendant in this action; and did not entitle the plaintiff to the writ of scire facias."

It is apparent from the tenor of the judge's decision that he was of opinion that the plaintiff should have filed interrogatories to the trustee in the original action; that there was no compliance with G. L. c. 246, §14, and therefore the proceedings charging the trustee in the original action were a nullity. The view expressed by the Court was that it was mandatory for the plaintiff to have proceeded along this line. However, the statute in question provides that the plaintiff may examine the trustee upon written interrogatories filed in the clerk's office. G. L. c. 246, §12.

The word 'may' is used in both §12 and §14. The word 'may' is generally regarded as permissive and not mandatory. It does not mean that unless this is done, then a charging of a trustee has no validity.

 A writ of *scire facias* is not an independent civil action, but is a judicial writ to enforce a judgment and is part of the proceedings in the original action. *Universal Optical Corp. v. Globe Optical Co.,* 228 Mass. 84.

 The trustee in the *scire facias* action has a right to contest its liability. *MacAusland v. Fuller,* 229 Mass. 316.

Likewise, the plaintiff can offer evidence to prove the liability of the trustee. This liability of the trustee can be established finally and enforced only by scire facias. *Shawmut Commercial Paper Co. v. Cram*, 212 Mass. 108.

Thus it would appear that the judgment against the trustee in the original action is not usually res judicata of its liability in scire facias. That it may in some unusual situation be made binding is conceded in *Kolda v. National Ben Franklin Fire Insurance Co.*, 290 Mass. 182, where the Court said, "No inquiry need be made as to circumstances which may render a charging of the trustee in the original proceeding binding on the trustee or controlling in *scire facias.*"

In the case at bar, the plaintiff on the hearing on *scire facias* had a right to introduce evidence to show that the individual, for whom the defendant was trustee, was the same individual whose funds the trustee in its answer admitted that it had.

In conclusion, we might point out that the plaintiff in his brief has argued on certain matters of evidence not included in the report. We are bound by the report and the plaintiff should have seen to it that whatever facts he deemed important be included in the report, otherwise he cannot argue in his brief on matters not so incorporated. Therefore, this Division is not going to consider any matters not made the basis of the report.

We feel that in fairness to both parties there should be a new hearing so that each party may fully set forth its case in line with the tenor of this opinion. There was prejudicial error committed by the trial judge in his interpretation of G. L. c. 246, §§12 and 14, and, the finding for the defendant should be vacated and the case be remanded for a new hearing on the writ on scire facias.

Hill, Barlow, Goodale & Wiswall, for the plaintiff.
Underwood & Farquhar, for the defendant.