CASE 2—WARRANT—JUNE 8.

## Megowan vs. Commonwealth.

APPEAL FROM LEXINGTON CITY COURT.

1. The city council of Lexington is empowered by the city charter to pass any ordinance for the government of the city not contrary to the constitution of this State or of the United States. An ordinance of the council prohibiting tavern-keepers from selling spirituous liquors on Sunday, and inflicting a fine for a breach of the ordinance—so far as it applies to tavern-keepers licensed after the passage of the ordinance—is valid. Its validity as to those licensed prior to its passage not decided.

2. Selling liquor on Sunday within the city limits constitutes the offense prohibited by the ordinance. The quantity sold, as well as the place where it was drunk, are immaterial, and it is not necessary that the warrant should specify either. An averment that the offense was committed on a particular day of the month (which was not Sunday) is surplusage, and does not affect the validity of the warrant.

3. Evidence that the defendant had sold liquor on a Sunday subsequent to the date of the warrant was inadmissible; but the error in admitting it was cured by an instruction to the jury that unless they believed, from the evidence, that the defendant sold liquor on Sunday within the time covered by the warrant, they must acquit him.

Proof of a selling on any Sunday prior to the issuing of the warrant, within the time prescribed for instituting a prosecution for the punishment of the offense, was admissible.

4. A judgment cannot be reversed for an error in overruling a demurrer to a warrant, in a prosecution for the violation of a city ordinance. (*Crim. Code, sec.* 349; *Ib., title* 7.)

CHAS. B. THOMAS, for appellant, cited 18 *B. Mon.*, 492; 1 *B. Mon.*, 363; 2 *Hawk. P. C.*, 25; *Crim. Code, sec.* 351; *Civil Code, sec.* 896; 1 *Gray, (Mass.,)* 463; *Revised Statutes*, 661; 14 *B. Mon.*, 385; 18 *B. Mon.*, 9; 8 *B. Mon.*, 374; 2 *B. Mon.*, 296; 2 *Parker C. R., (N. Y.,)* 168; 4 *Harring*, 132.

J. HARLAN, Attorney General, for Commonwealth, *cited sections* 38 *and* 50 *of the charter of Lexington, Session Acts* 1850–'51, *pages* 93, 94, *local volume.*

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

A warrant was issued from the city court of Lexington, against the appellant, on the 12th day of February, 1859, requiring him to answer to the city of Lexington, and show cause why he should not be fined for selling spirituous liquors on Sunday, the 10th day of February, 1859, within the limits, and contrary to the ordinances, of said city.

The defendant in the warrant appeared, and entered a demurrer to the warrant, which was overruled by the court; and having been found guilty by a jury, a judgment was rendered against him for the sum of fifty dollars. From that judgment he has appealed to this court.

The ordinance of the city of Lexington, for a breach of which the warrant in this case was issued, is in the following language, viz:

"That no tavern-keeper, or any other person whatever, shall have the right to sell spirituous liquors on Sunday, or after eleven o'clock at night. And for each breach of this section a fine of fifty dollars shall be imposed."

The warrant is objected to as insufficient, because it does not specify the quantity of whisky that was sold, nor allege the place where it was drank, and also because the 10th day of February, 1859, the day upon which the selling is averred to have taken place, was not on Sunday.

Megowan vs. Commonwealth.

Selling of whisky on Sunday, within the city limits, constitutes the offense which is prohibited by the ordinance. The quantity sold, as well as the place where it was drank, were wholly immaterial. The warrant apprised 'the defendant of the offense with which he was charged, and the averment that the offense was committed on a particular day of the month, which was not Sunday, must be regarded as mere surplusage, and as not affecting the validity of the warrant.

By that part of the Code of Practice in criminal cases, which regulates proceedings in police or city courts, (*title 7th*,) an indictment is dispensed with, unless the punishment of the offense exceeds a fine of one hundred dollars; and the court is authorized to proceed to trial without any written information or pleadings. The warrant must, according to section 304, name or briefly describe the offense that the defendant is charged with having committed, and nothing more is required.

The warrant in this case complied with this requisition of the law; but if it had not, the objection to it would not be available in this court, inasmuch as the demurrer was overruled in the court below. It is expressly provided by the 349th section of the Criminal Code, that a judgment shall not be reversed for " an error in not setting aside an indictment, or in overruling a demurrer thereto." Now, as an indictment is dispensed with in a case like the present, the warrant must be regarded as occupying its place; and as less precision is required in describing the offense in the latter than in the former, the error mentioned, not being available where an indictment is required, in cases of misdemeanors, cannot be available for reversal where an indictment is dispensed with.

But it is contended that the court below erred in permitting a witness to be asked by the city attorney whether he had drank liquor at the bar-room of the appellant on Sunday, between the 3d of June, 1858, and the 24th of February, 1859, notwithstanding the question was objected to. As the warrant issued on the 12th of February, 1859, any evidence that the defendant had sold liquor on a subsequent Sunday was clearly inadmissible. This error of the court was, however, corrected by its instruction to the jury, to the effect that unless they

believed, from the evidence, that the defendant sold liquor on Sunday within the time covered by the warrant, they must acquit him.

The defendant asked the court to instruct the jury, that unless they believed he sold spirituous liquors on Sunday, the 10th of February, 1859, the time mentioned in the warrant, they must acquit. The court refused to give that instruction, and that decision of the court is also complained of.

It is argued that time is of the essence of the offense with which the defendant was charged, and therefore, unless it was proved to have been committed on the day named in the warrant, that the law was for the defendant.

This argument, however, proceeds on an erroneous assumption. The time alleged was not of the essence of the offense. It is true that, to constitute the offense, the selling must have been done on Sunday; but whether it was done on the Sunday named in the warrant, or on any other Sunday before the warrant issued, it was a substantial violation of the city ordinance. The time named in the warrant was wholly immaterial; and proof of a selling on any other Sunday within the time prescribed for instituting a prosecution for the punishment of the offense, was clearly admissible.

It was admitted on the trial that the defendant was a tavern-keeper at the time the offense was committed, duly licensed by the city council, and that he had paid the State tax and executed the bond required by law. On this admission the court was asked to instruct the jury, that as the defendant was a licensed tavern-keeper in the city of Lexington, that he had a right to sell spirituous liquors on Sunday, notwithstanding the prohibition contained in the city ordinance. The court refused to give such an instruction, and that decision of the court is also complained of.

By the provisions of the city charter, the mayor and councilmen are invested with " full power and authority to pass such by-laws and ordinances, with adequate penalties, as they shall from time to time deem expedient for the government of said city, not contrary to the constitution of this State or of the United States."

Megowan vs. Commonwealth.

Under this provision of the charter, it is evident that the mayor and councilmen had ample authority to pass the ordinance in question, and that, so far as it prohibits the sale of spirituous liquors on Sunday, it is obligatory on tavern-keepers and all others, unless it operates to diminish or impair some vested right.

The time when the appellant obtained his license as a tavern-keeper is not stated in the record. It does not appear, therefore, that the ordinance was passed after he had been licensed. Consequently, the questions that might arise on that state of case, are not presented for our decision. The only question to be decided on the facts agreed by the parties, is, does the grant of a license to keep a tavern authorize the tavern-keeper to disregard the ordinance altogether, or is he bound to exercise the right which the license confers upon him, in conformity with the requirements of the ordinance?

As he is apprised of the restrictions which the ordinance imposes, at the time he obtains his license, he cannot complain that its operation is unjust, or that it deprives him of the exercise of any right which he believed he would be entitled to at the time he obtained his license.

But it is argued that he has a right as tavern-keeper to sell spirituous liquors, and that this right cannot be curtailed; that the power to curtail implies the power to destroy, and hence the conclusion is irresistible that no such power exists.

This argument is manifestly fallacious. Rights may exist of which the owners cannot be deprived, but still their exercise and enjoyment may be regulated and restrained by law, so far as the public interest, or the rights of other persons may render such restrictions necessary and proper. The rights of a citizen must be exercised in such a manner as not to interfere with, or injure the rights of other persons; and also in such a manner as not to affect prejudicially the tranquillity or the morality of the local public. And such laws may be passed, as are necessary to compel the owner to exercise his rights in this manner, although a law which would have the effect to deprive him of the right altogether, might be wholly invalid and unconstitutional.

It cannot be doubted that the legislature of the State has the power to prohibit tavern-keepers who may be licensed after the passage of the law, from selling spirituous liquors on Sunday. The city council, according to the foregoing provision in the city charter, have power to pass any ordinance for the government of the city, not contrary to the constitution of the State or of the United States. They have therefore the same power over the subject within the city limits, that the legislature has within the State. The ordinance does not conflict with any provision contained in either the constitution of the State or of the United States. It is therefore valid, having been passed by competent authority, and not operating so as to impair any vested right.

The prohibition imposed by this city ordinance is necessary for the preservation of good order within the city limits, and tends to prevent the corruption of the public morals. It is the proper exercise of a necessary power, and we are unable to perceive any grounds upon which the validity of the ordinance can be successfully assailed.

Wherefore, the judgment is affirmed.