GEORGE G. WILLIAMS and Others, Trustees under the Last Will and Testament of MARY MASON JONES, Deceased, Plaintiffs, *v.* CATHARINE L. O'CONOR JONES and MARY DE TROBRIAND, Respondents, and LYDIA LAWRENCE MASON JONES and Others, Appellants, Impleaded with Others.

*Will — where the deaths did not accord with any one of several contingencies provided for in the will the property was held to pass under the residuary clause.*

A testatrix by the 9th clause of her will devised certain real property to her executors in trust to hold the same during the life of her son Mason, and to apply one-half the net income to the use of her son Mason during his life, and the other half to the use of his second wife, Louise, for so long during the life of her son Mason as she should live, and in case of Louise's death prior to that of Mason to apply the half given to her to his use during the remainder of his life; that if Mason should die leaving surviving him his wife Louise and his son Renshaw, the trustees should continue to hold one-half of the trust estate for the benefit of Louise until her death or remarriage, upon the happening of which event they should convey such half to Renshaw, if he should then be living, or to his issue, if he should then be dead, leaving issue surviving, or in default thereof to the children of Mason by his deceased wife Lydia; that the other half should be held for the benefit of Renshaw during his life, with remainder to his surviving issue, or in default thereof to the issue of Mason by his first wife. The will further provided that if Mason should survive his wife Louise, and be survived by his son Renshaw, the trustees should hold the trust estate for the benefit of Renshaw during his life, with remainder to his surviving issue, or in default of such issue to the issue of Mason by his first wife; that if Louise and Renshaw should die before Mason, the trustees should convey the trust estate to the issue of Renshaw in equal shares if he left issue surviving; and if he left no issue surviving, then to convey the same to the issue of Mason by his first wife.

The 10th clause of the will devised the rest, residue and remainder of the testatrix's estate to her son Mason and her daughter Mary, to be divided between them in equal parts.

The testatrix left surviving her her daughter Mary, her son Mason, his wife Louise and his son Renshaw. Renshaw and Mason died in the order named, before Louise, Renshaw leaving no issue.

*Held,* that as the will in the latter event made no provision for the continuance of the trust, it terminated and the trust property passed under the residuary clause to the testatrix's daughter Mary, and to the sole beneficiary mentioned in Mason's will.

APPEAL by the defendants, Lydia Lawrence Mason Jones and others, from an interlocutory judgment of the Supreme Court in

favor of the defendants, Catharine L. O'Conor Jones and Mary de Trobriand, entered in the office of the clerk of the county of New York on the 18th day of June, 1900, upon the decision of the court rendered after a trial at the New York Special Term.

The action was brought to procure a judgment construing the 9th clause of the will of Mary Mason Jones, deceased, and also for a settlement of the accounts of her executors and trustees. The 9th clause of the will reads as follows:

" *Ninth.* I give and devise unto George G. Williams, Woodbury G. Langdon and George B. Post, and their successors as trustees all that certain lot of land with the buildings and improvements thereon, situate on the Westerly side of the Bowery between Grand and Broome Streets in the City of New York which is now known by the street number 126 (one hundred and twenty-six) Bowery, the said lot of land beginning about twenty-five feet and one inch Northerly from the Northerly line of Grand Street, and extending thence Northerly and being about twenty feet in width in front and rear and one hundred feet in depth, and also those two certain other lots of land with the buildings and improvements thereon known respectively as number 632 (Six hundred and thirty-two) Broadway and 164 (One Hundred and sixty-four) Crosby Street, extending together from the Easterly side of Broadway to the Westerly side of Crosby Street in the City of New York, subject to the mortgages upon the same which may exist at the time of my death. To have and to hold the same unto the said George G. Williams, Woodbury G. Langdon and George B. Post and their successors as Trustees in trust during the natural life of my son Mason R. Jones, to receive the rents, issues, income and profits thereof, and to apply one equal half part of the net rents, issues, income and profits thereto to the use of my said son Mason R. Jones during his natural life, such one equal half part of such net income to be paid to him quarterly upon his written receipt, and to apply the other one equal half part of the net rents, issues, income and profits thereof to the use of Louise O'Conor Jones, the wife of my said son Mason R. Jones, for so long during the natural life of my said son as she shall live, such last-mentioned one equal half part of such net income to be paid to her quarterly upon her separate written receipt, and if she shall die before my said son, then from and after her death to apply such

last-mentioned one equal half part of such net rents, issues, income and profits to the use of my said son during the remainder of his natural life, the same to be paid to him quarterly upon his written receipt, and from and after the death of my said son, if he shall leave him surviving his said wife Louise O'Conor Jones and their son Renshaw Mason Jones, to continue to hold one equal undivided half part of the said three lots of land and buildings and improvements thereon until the death or remarriage of the said Louise O'Conor Jones upon a further separate trust to receive the rents, issues, income and profits thereof, and to apply the net rents, issues, income and profits thereof to the use of the said Louise O'Conor Jones until her death or remarriage, the same to be paid to her quarterly upon her written receipt, and upon her death or remarriage, whichever shall first happen, to convey, transfer and deliver the said one equal undivided half part of the said three lots of land and buildings and improvements thereon in fee simple to my said grandson Renshaw Mason Jones, if he be then living, or to his issue if he shall have previously died leaving issue then surviving, such issue to take in equal shares *per stirpes* and not *per capita ;* but if my said grandson Renshaw Mason Jones shall have died before the death or remarriage of the said Louise O'Conor Jones, without leaving issue who shall be living at the time of such her death or remarriage, then and in such case, upon her death or remarriage, to convey, transfer and deliver the said one equal undivided half part of the said three lots of land and buildings and improvements thereon in fee simple to the children then living of my said son Mason R. Jones by his wife Lydia Beekman Jones, and the issue then living of any child or children of his by his said wife, Lydia Beekman Jones, who shall have previously died, in equal shares *per stirpes* and not *per capita*, the issue of any such deceased child to take only the share which the parent of such issue would have taken if living, and from and after the death of my said son Mason R. Jones, if he shall leave him surviving his wife, the said Louise O'Conor Jones, and his said son Renshaw Mason Jones, to continue to hold the other one equal undivided half part of the said three lots of land and buildings and improvements thereon during the natural life of the said Renshaw Mason Jones upon a further separate trust to receive the rents, issues, income and profits thereof,

and to apply the net rents, issues, income and profits thereof to the use of the said Renshaw Mason Jones during his natural life, the same to be paid to him quarterly upon his written receipt, and upon the death of the said Renshaw Mason Jones leaving lawful issue him surviving, to convey, transfer and deliver the said last mentioned one equal undivided half part of the said three lots of land and buildings and improvements thereon in fee simple to such issue in equal shares *per stirpes* and not *per capita*, or if he shall leave no lawful issue him surviving, then and in such case upon his death to convey, transfer and deliver the said last mentioned one equal undivided half part of the said three lots of land and buildings and improvements thereon in fee simple to the children then living of my said son Mason R. Jones by his wife, Lydia Beekman Jones and the issue then living of any child or children of his by his said wife Lydia Beekman Jones, who shall have previously died, in equal shares *per stirpes* and not *per capita*, the issue of any such deceased child to take only the share which the parent of such issue would have taken if living; but if my said son, Mason R. Jones, shall survive the said Louise O'Conor Jones and at his death shall leave him surviving his said son Renshaw Mason Jones, then and in such case to continue to hold the whole of the said three lots of land and buildings and improvements thereon mentioned in this article of my will from and after the death of my said son in trust during the natural life of the said Renshaw Mason Jones, to receive the rents, issues, income and profits thereof, and to apply the net rents, issues, income and profits thereof to the use of my said grandson Renshaw Mason Jones during his natural life, the same to be paid to him quarterly upon his written receipt, and upon the death of the said Renshaw Mason Jones leaving lawful issue him surviving, to convey, transfer and deliver the whole of the said three lots of land and buildings and improvements thereon in fee simple to such issue in equal shares *per stirpes* and not *per capita*, or if he shall leave no lawful issue him surviving, then and in that case to convey, transfer and deliver the same in fee simple to the children then living of my said son Mason R. Jones by his wife, Lydia Beekman Jones, and the issue then living of any child or children of his by his said wife, Lydia Beekman Jones, who shall have previously died, in equal shares *per stirpes* and not *per capita*, the issue of any

such deceased child to take only the share which the parent of such issue would have taken if living, and if at the time of the death of my said son Mason R. Jones and said Louise O'Conor Jones shall have died and the said Renshaw Mason Jones shall also have died, but leaving issue who shall survive my said son, then and in such case upon the death of my said son, to convey, transfer and deliver the whole of the said three lots of land and buildings and improvements thereon in fee simple to such issue in equal shares *per stirpes* and not *per capita ;* and if before the death of my said son the said Louise O'Conor Jones shall have died and the said Renshaw Mason Jones shall also have died leaving no issue surviving my said son, then and in such case upon the death of my said son I give and devise the whole of the said three lots of land and buildings and improvements thereon in fee simple to the children then living of my son Mason R. Jones by his wife Lydia Beekman Jones, and the issue then living of any child or children of his by his said wife Lydia Beekman Jones, who shall have previously died, in equal shares *per stirpes* and not *per capita*, the issue of any such deceased child to take only the share which the parent of such issue would have taken if living."

*Henry A. Forster,* for the appellants Lydia L. M. Jones and Arthur M. Jones.

*Oliver J. Wells,* for the appellants Alice Iselin and Mary M. Hasell.

*Henry H. Snedeker,* guardian ad litem, for infant defendants Iselin and Hasell.

*Howard C. Tracy,* for the respondent Mary de Trobriand.

*Michael H. Cardozo,* for the respondent Catharine L. O'Conor Jones.

McLAUGHLIN, J.:

The testatrix, Mary Mason Jones, died on the 28th of May, 1891. She left her surviving her son Mason R. Jones and her daughter Mary de Trobriand. The son had been twice married and had several children by his first wife, who were living at the time of the death of the testatrix. He also had a son, Renshaw Mason Jones, by his second wife, Louise O'Conor Jones, both of whom were

living at the time of the death of the testatrix. The son Renshaw died on the 5th of November, 1894, unmarried and without issue, leaving him surviving his father Mason and his mother Louise. On the 18th of February, 1899, the father Mason died, leaving him surviving his wife Louise (the defendant Catharine L. O'Conor Jones) and several children by his first wife, and their issue. The complaint alleges that the testatrix did not specifically direct what disposition should be made of the property devised in the 9th clause of her will in case Mason should die leaving his wife Louise, but not his son Renshaw, surviving, and that this event having occurred, a doubt has arisen as to the proper construction of the 9th clause, and particularly as to the disposition to be made of the property therein specified.

In the answer of the defendants Catharine L. O'Conor Jones and Mary de Trobriand, it is alleged, in substance, that Renshaw having died before Mason, and Mason having died leaving him surviving his wife Louise, the trust attempted to be created by the 9th clause of the will of the testatrix was, by reason of such facts, terminated, and that they thereby became entitled to receive the principal of said trust estate under the residuary or 10th clause, which reads as follows :

" *Tenth.* All the rest, residue and remainder of the estate and property, both real and personal, of every kind and description and wheresoever situated, which shall belong to me or be subject to my disposal at the time of my death, I give, devise and bequeath in fee simple and absolutely to my son, Mason R. Jones, and my daughter, Mary de Trobriand, to be divided between them in equal shares."

In the answer of the other defendants (the children by the first wife of Mason and their issue) it is alleged in substance that under the 9th clause of the will of the testatrix they became entitled to one equal undivided half-part of the estate mentioned in such clause upon the death of Mason, and by reason thereof they are now entitled to such one-half part, and that as to the title to the one remaining half part, it is now vested in the plaintiffs as trustees for the benefit of Louise during her life or until her remarriage, and when either of such events takes place, then that title will also absolutely vest in them.

The learned justice at Special Term, after a trial had, reached the conclusion that, by reason of the death of Renshaw prior to the death of his father, Mason, the principal of the trust estate, upon the death of Mason (Louise being then living), was undisposed of, and the title to all of the property therein specified under the residuary or 10th clause of the will became vested in the defendants, Mary de Trobriand and Catharine L. O'Conor Jones, as sole beneficiary and legatee under the will of Mason. We are satisfied, after a careful consideration of the question presented, that the conclusion reached by the learned justice at Special Term was right. By reading the 9th clause of the will of the testatrix, it will be seen that the real estate therein mentioned is devised in trust to the executors named for the life of the son Mason, during which time the trustees are to receive the rents, issues and profits and apply one-half thereof to the use of Mason during his life and the other half to the use of his wife Louise during his life, and in case of her death prior to that of Mason, then the half given to her is to go to him. This trust, manifestly, was measured by and depended upon the life of Mason. It terminated upon his death, and, of course, cannot be involved in any way in the determination of the question presented by this controversy.

After the death of Mason the testatrix desired to dispose of the trust estate in several ways, such disposition, however, to depend upon and be determined by the circumstances existing at the time of his death.

(1) She provides that, "from and after the death of my said son, if he shall leave him surviving his said wife, Louise O'Conor Jones, and their son, Renshaw Mason Jones," the trustees are to continue to hold one-half of the trust estate until the death or remarriage of Louise for her benefit, and upon her death or remarriage, they are to convey such half to Renshaw, if he be then living, or to his issue if he shall be then dead leaving issue him surviving, or in default thereof, to the children of Mason by his first wife. The other half is to be held for the benefit of Renshaw during his life, the remainder to his surviving issue, or in default thereof, to the issue of Mason by his first wife. From this provision it is clear that the trust attempted to be created for the lives of Louise and Renshaw could only have effect, or come into existence at all, upon the death

.of Mason, he leaving him surviving *both his wife Louise and their son Renshaw,* an event which did not occur. This trust, therefore, never took effect, and the remainders which depended upon it never came into existence.

(2) The testatrix next provides that "if my said son Mason R. Jones shall survive the said Louise O'Conor Jones, and at his death shall leave him surviving his said son Renshaw Mason Jones," the trustees are to continue to hold the trust estate for the benefit of Renshaw during his life, with the remainder to his issue, or if he shall die without issue, then the remainder to the issue of Mason by his first wife. This provision, however, like the preceding one, depended upon circumstances which never existed, viz., the survival of Mason after the death of his wife Louise, and at his death leaving him surviving his son Renshaw.

(3) According to the final provision, it is provided that "if before the death of my said son the said Louise O'Conor Jones shall have died and the said Renshaw Mason Jones shall also have died," the trustees are (1) to convey said trust estate to the issue of Renshaw in equal shares, if he leave issue him surviving; or (2) if he died without surviving issue, then to convey the same to the issue of Mason by his first wife. These events have not occurred, and manifestly a claim cannot be successfully made that any interest could be acquired by the appellants under or by virtue thereof. Both of the remainders created by them are dependent upon the death of Louise and the death of Renshaw before that of Mason, an event which did not occur.

We have thus referred at some length to the different provisions of the 9th clause of the will of the testatrix, for the purpose of showing, as clearly as possible, that the circumstances upon which the issue by the first wife and their issue could by any possibility acquire an interest in the trust estate have not occurred, and for that reason they are not entitled to receive any of the property therein specified or any interest therein. A consideration of this clause of the will of the testatrix cannot fail to impress one with the fact that she intended that the children and their issue of the first marriage should not have any interest in her property unless the conditions set out in such clause existed. If we are right in this, then it necessarily follows that the court at Special Term properly

construed this clause of her will. The construction to be placed upon a will is always to be determined by the intent of the testator, if such intent can be ascertained. This is a fundamental rule, and the rule is equally fundamental that effect is to be given to that intent, if it can be done without contravening a settled rule of construction, or a statute of the State. To aid us in arriving at the intent of the testatrix, counsel for the respective parties have called our attention to many authorities, to which we deem it unnecessary to refer in this opinion further than to say that we have examined them. In construing a will, authorities furnish little aid. Each case must necessarily stand by itself, and its proper construction can only be determined from the words there used.

Here in the view which we have taken, the intent of the testatrix seems plain. She intended that upon the death of Mason the trust created by the 9th clause should terminate and the property therein mentioned should pass under the 10th or residuary clause of her will, unless (1) Mason left him surviving *both* his wife Louise and his son Renshaw, or (2) unless he left him surviving *only* his son Renshaw, or (3) unless he left him surviving *neither* his wife Louise nor his son Renshaw. Upon the occurrence of some one of these three contingencies the trust under which the appellants could become entitled to any interest in the property specified in this clause was dependent. Neither title nor interest in the trust estate could be acquired by any one under this clause of her will, unless one at least of these three events occurred, and none of them having occurred, it follows that upon the death of Mason the property mentioned in the 9th clause was undisposed of and passed under the 10th or residuary clause to Mary de Trobriand and to the defendant Catharine L. O'Conor Jones, as sole surviving beneficiary under the will of Mason.

The judgment is right and must be affirmed, with costs to each respondent appearing by a separate attorney, payable out of the estate.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs to each respondent appearing by a separate attorney, payable out of the estate.