REUBEN M. BARNES *vs.* SHELBURNE FALLS SAVINGS BANK.

Franklin.    September 27, 1904. — October 27, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Trustee Process.*

Under R. L. c. 189, § 40, which provides that "if the goods, effects and credits in the hands of a person who has been adjudged a trustee are not demanded of him by force of the execution within thirty days after final judgment, they shall be liable to another attachment" or "may be recovered by the defendant," the

demand on the execution must be made by an officer, and such a demand made by the plaintiff personally is not sufficient to preserve the rights of the plaintiff or to protect the trustee in paying him.

CONTRACT for a deposit in a savings bank with accumulations of interest thereon.   Writ dated February 21, 1902.

At the trial in the Superior Court before *Maynard,* J., without a jury, it appeared, that at a previous time an action had been brought against the plaintiff by a creditor, in which the defendant was summoned as trustee ; that judgment was entered against the plaintiff as defendant in that action, and the present defendant was charged as trustee ; that execution issued and was presented to the present defendant by the judgment creditor personally and not by an officer ; that the present defendant paid to the judgment creditor the amount standing upon its books to the credit of the present plaintiff, which was less than the amount of the execution, and the execution thereupon was delivered to the present defendant by the judgment creditor, with an indorsement thereon, signed by him, that it was fully satisfied.   The present action was begun more than a year after the payment by the defendant, and thereafter the execution, indorsed as above stated, was returned into the office of the clerk of the court from which it issued.

The defendant requested the judge to rule that the action could not be maintained.   The judge refused to rule as requested, and found for the plaintiff in the sum of $61.05, the amount of the deposit with ·the accumulations of interest thereon.   The defendant alleged exceptions.

*F. L. Greene,* for the defendant.

*S. S. Taft,* for the plaintiff.

KNOWLTON, C. J.   The only question in this case is whether a party adjudged a trustee of the principal defendant in trustee process, properly can pay over the amount in his hands upon a demand made upon the execution within thirty days after the judgment, if the demand is made by the plaintiff in the suit; or whether, in order to protect the trustee in paying, the execution must be put into the hands of an officer and a demand be made by him.   The answer depends upon the construction of the statutes.   The R. L. c. 189, § 40, is as follows:   "If the goods, effects and credits in the hands of a person who has been ad-

judged a trustee are not demanded of him by force of the execution within thirty days after final judgment, they shall·be liable to another attachment, whether made before or after the judgment; or if there has been no such second attachment, they may be recovered by the defendant." To protect the rights of parties there must be a demand "by force of the execution," and the question is whether a demand made by the plaintiff holding the execution, is·a demand "by force of the execution" within the meaning of the statute. The case of *Burnap* v. *Campbell*, 6 Gray, 241, decided that a payment made by a trustee to the plaintiff, after the expiration of thirty days from the final judgment, without a demand made by force of the execution, and after a suit had been brought by the principal defendant to recover the money, could not be set up as a defence to the suit. The language of the opinion goes further, and states the reason for the enactment of the statute, namely, that by a payment on an execution, which properly would be returned to the court, there would be evidence of the payment and of the satisfaction or partial satisfaction of the judgment which would protect the rights of all parties. This reason is applicable to an interpretation of the statute which requires the demand on the execution to be made by an officer. An execution is directed to an officer, who is required by the precept to return it into court. A plaintiff who keeps the execution in his own hands is under no such direction. It may happen that there are subsequent attachments of the property in the hands of the trustee. It is important that subsequent attaching creditors should have the means of ascertaining their rights. The rule as to the demand upon the execution should be the same, whether there are subsequent attaching creditors or not. The fund in the trustee's hands may be assigned.after the service of the original trustee writ, and the rights of the assignee will then be involved. Even if it is not assigned, it is for the interest of the principal defendant that the payment should be made, if made at all, in such a way that the evidence of it will be open to him. The R. L. c. 189, § 41, refers to the property being "demanded of the trustee by the officer," and this provision, which was then found in the Rev. Sts. c. 109, § 45, is mentioned by Chief Justice Shaw in *Burnap* v. *Campbell*, *ubi supra.* None but collateral and subsidiary

rights are acquired against the trustee by the original judgment, and not until after a service of the execution upon him by an officer, and the return of the execution into court, can a writ of *scire facias* be issued against him. R. L. c. 189, § 45. *Adams* v. *Cummiskey*, 4 Cush. 420. After the return of the writ of *scire facias* all defences are open to the trustee which have not previously been passed upon by the court. R. L. c. 189, § 48. *Brown* v. *Tweed*, 2 Allen, 566. *Fay* v. *Sears*, 111 Mass. 154.

As an execution is directed to an officer, who alone can give compulsory effect to the judgment of the court, it is difficult to see how anything can be done by any one else "by force of the execution." To the plaintiff, for his personal action, the execution gives no greater rights than the judgment.

We are of opinion that a demand by an officer under the R. L. c. 189, § 40, is a necessary prerequisite to the protection of the rights of the judgment creditor and the trustee.

*Exceptions overruled.*

