JOHN B. DOLAN *vs.* PASQUALE MUCCI & others.

Suffolk.    February 7, 1935. — May 25, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Trustee Process.    Bond,* Of indemnity, Breach of condition.

In an action brought by trustee process, the attachment was not dissolved by an indemnity bond given to the alleged trustee by an adverse claimant and by payment of the attached fund to the claimant.

After the charging of a trustee in an action brought by trustee process, and the issuance of an execution against him, he became liable under G. L. (Ter. Ed.) c. 246, § 41, to the plaintiff in that action upon a demand on the execution made by an officer thirty-nine days after final judgment if there had been no other attachment of the property held under the attachment, nor, during the interval following thirty days after the entry of judgment, a payment made by him to the defendant or an action brought by the defendant against him respecting the property attached.

One charged as trustee in an action brought by trustee process has no right to defend a writ of scire facias by proof of payment of the attached fund made to an adverse claimant, alleged assignee of the defendant, before the trustee was charged or the adverse claimant's claim was determined.

The condition of a bond given to the trustee by an adverse claimant in an action brought by trustee process to indemnify the trustee "of and from all suits, damages and costs, whatsoever, whereunto" the trustee might "be liable or obliged by law to pay" to the plaintiff in the trustee process "by reason of being charged as trustee" therein, was broken when, more than thirty days after the entry of judgment following the charging of the trustee, he became liable under G. L. (Ter. Ed.) c. 246, § 41, to the plaintiff upon demand made by an officer on the execution; and failure by the trustee to give to the obligor of the bond notice of scire facias subsequently brought by the plaintiff against the trustee did not relieve the obligor of liability.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated September 20, 1933.

The action was heard by *Murray,* J., who found for the plaintiff.    A report to the Appellate Division was ordered dismissed.    The defendants appealed.

H. *Bergson,* (*A. Homonoff* with him,) for the defendants.

F. L. *Kozol,* (*Lee M. Friedman* with him,) for the plaintiff.

DONAHUE, J. The plaintiff was named as trustee in an earlier action brought in the Superior Court by trustee writ on November 27, 1929, by Matthew Cummings Co. as plaintiff against one Grande as defendant. In that action the present plaintiff filed an answer as trustee admitting that at the time of the service of the writ upon him there were in his hands credits of the principal defendant Grande. The present defendant Mucci filed in the earlier action an adverse claim to those funds based on a written assignment to him from Grande dated May 16, 1930.

Before there were any further proceedings in the earlier action the adverse claimant Mucci executed on June 24, 1930, a bond with two sureties and delivered it to the trustee, the present plaintiff. In return the trustee paid to the adverse claimant the sum of $2,000. The condition of the bond was that the adverse claimant Mucci would "indemnify" the trustee, the present plaintiff, up to the sum of, $2,000, "of and from all suits, damages and costs, whatsoever, whereunto" the trustee "may be liable or obliged by law to pay" to the plaintiff in the trustee action "by reason of being charged as trustee" of the defendant therein.

Following the giving of the bond the plaintiff in the trustee action recovered a verdict on September 10, 1930, against the principal defendant. In the adverse claim filed by the claimant he contended that at the time of the service of the writ on Dolan as trustee there were no attachable funds in his hands and that Dolan therefore should not be charged as trustee. The case was referred to an auditor "to hear the parties and find the facts raised by the claimant's answer." Following the filing of the report of the auditor, who found that the trustee should be charged in the sum of $2,210, a judge of the Superior Court allowed motions of the plaintiff in that action that the trustee be charged and that the claimant's claim be dismissed and

entered an order charging the trustee in the amount found by the auditor. On exceptions to this order taken by the adverse claimant the case came before this court, where his exceptions were overruled. *Matthew Cummings Co.* v. *Grande*, 281 Mass. 546.

The case of *Matthew Cummings Co.* v. *Grande* went to final judgment on February 13, 1933, and Dolan was thereby adjudged a trustee in the sum of $2,210 and execution issued on February 16, 1933. No demand thereunder was made on the trustee by an officer within thirty days of the date of final judgment. Such a demand was made on March 24, 1933, by an officer who made the return that the trustee "neglected and refused" to comply with the demand. On May 12, 1933, the Matthew Cummings Co. brought a writ of scire facias against the trustee Dolan in the Superior Court. Service was made on him and the writ was entered in court. He did not appear and was defaulted. That proceeding is still pending. Later, without any further demand by an officer, Dolan paid to the attorney of the Matthew Cummings Co. the amount for which he had been adjudged a trustee. No notice of the pendency of the scire facias was given to the present defendants by Dolan and notice of the payment made by him was not given to them prior to the bringing of the present action.

The plaintiff brought the present action in the Municipal Court of the City of Boston for an alleged breach of the condition of the bond. A judge of that court before whom the case was tried found for the plaintiff in the penal sum of the bond and ordered execution to issue for $2,210. The plaintiff later remitted the amount of $210 which was in excess of the amount indemnified by the bond. The judge reported to the Appellate Division his refusal to give certain requests for rulings filed by the defendants. The Appellate Division ordered the entry of "Report dismissed" and the defendants have appealed.

The giving of the bond here in suit on June 24, 1930, did not dissolve or affect the then existing attachment by trustee process. Credits thus attached must be "held to

respond to the final judgment," (G. L. [Ter. Ed.] c. 246, § 20) unless, pursuant to the statutes, a bond to dissolve the attachment is given to the plaintiff in the trustee action either by an adverse claimant to the credits attached (G. L. [Ter. Ed.] c. 246, § 66) or by the defendant therein (G. L. [Ter. Ed.] c. 223, §§ 120, 125; *Arlington Trust Co.* v. *Le Vine*, 291 Mass. 245); and unless such bond is filed in court. *Webb* v. *Cohen*, 280 Mass. 292. The bond given by the adverse claimant ran to the trustee and not to the plaintiff in the trustee process. It contemplated the continuance of the attachment. No statutory bond was given.

During a period of thirty days following the entry of judgment on February 13, 1933, charging the trustee and fixing the amount for which he was charged, if a demand by force of an execution issued on that judgment had been made on the trustee by an officer, the trustee would have been obligated to pay over the credits in his hands to the plaintiff in trustee process. *Barnes* v. *Shelburne Falls Savings Bank*, 186 Mass. 574. For that length of time credits under a trustee attachment must be held by a trustee to respond exclusively to the judgment charging him.

No such demand was made within thirty days following the entry of judgment. That fact, however, did not dissolve the trustee attachment or render it inoperative. After the expiration of that period the credits attached were no longer held to respond exclusively to the judgment charging the trustee. "If the . . . credits in the hands of a person adjudged a trustee are not demanded of him by force of the execution within thirty days after final judgment, they shall be liable to another attachment, whether made before or after the judgment; or if there has been no such second attachment, they may be recovered by the defendant." G. L. (Ter. Ed.) c. 246, § 40. After thirty days from judgment the credits attached were still available to the plaintiff in trustee process upon a demand being made on execution by an officer unless, before such a demand, there was an existing second attachment, or unless an action had been begun by the defendant to recover the credits, or they had been paid by the trustee to the defendant.

"If no such second attachment of the . . . credits has been made, and no action has been brought therefor by the defendant, and if they have not been paid . . . to the defendant before they are demanded of the trustee by the officer, the trustee shall be liable to pay . . . the same, when so demanded, although said thirty days have expired." G. L. (Ter. Ed.) c. 246, § 41.

On the thirty-ninth day after the judgment charging the trustee, an officer by force of the execution made a demand on the trustee. In the time intervening between that day and the expiration of a thirty-day period after judgment no second attachment of the credits existed, no action to recover them was brought by the defendant in the trustee action and no payment to him was made by the trustee. Under G. L. (Ter. Ed.) c. 246, §§ 40, 41, a second attachment existing within that interval, "whether made before or after the judgment," is given precedence over the trustee attachment, but no similar words are used in the statutes respecting the other two contingencies which may subordinate the trustee attachment, that is, the bringing of an action by the defendant to recover the attached credits or the making of a payment of those credits to him by the trustee. Until the thirty-day period has ended a defendant has no standing to bring an action to recover credits held under trustee process and a trustee has no right to disregard the prohibition of the trustee writ by making payment thereof to a defendant. We think that the language of the statute must be construed as meaning that such an action by a defendant, in order to render a trustee attachment inoperative, must be brought after the expiration of the thirty-day period following judgment and before a demand on the trustee by force of an execution in favor of the plaintiff in the trustee process has been made by an officer, and that to have such effect on a trustee attachment, a payment of the attached credits by the trustee to the defendant must be made within the same interval of time. Since here none of the three contingencies referred to in the statute had happened before an officer by force of the execution made a demand on the trustee for the attached credits,

the trustee became "liable to pay . . . the same, when so demanded." G. L. (Ter. Ed.) c. 246, § 41.

The defendants contend that the payment of $2,000 by the trustee to the adverse claimant in June, 1930, upon the delivery of the bond should be considered as a payment to the defendant in trustee process, that when demand was made on the execution by an officer in March, 1933, the trustee held no funds of the principal defendant, and that thereby the trustee had a good defence to a writ of scire facias. But there can be no payment by a trustee to the principal defendant in trustee process, or to his assignee, of credits which, by the mandate of the trustee writ, must be held subject to the attachment unless a statutory bond is given to the plaintiff. No private agreement between a trustee and an adverse claimant can nullify the effect of the service of the trustee writ upon the trustee or free him from the obligation to hold credits thus attached to respond to the final judgment. A trustee cannot destroy that obligation by ignoring it and paying to the adverse claimant credits which he has been ordered not to pay.

When, in March, 1933, demand was made on the trustee by an officer he became accountable to the plaintiff in trustee process for the credits of the principal defendant therein which he had in his hands when the trustee writ was served upon him. There was no question left which either he or the adverse claimant could further litigate. There had been no irregularity in the proceedings charging the trustee as in *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182. The trustee had admitted in his answer that he held credits of the defendant. He had full opportunity to be heard in the proceedings. He made no contest but the adverse claimant did, and the questions whether the trustee was chargeable, and if so for what amount, were fully tried and determined. The trustee had no right to litigate those questions on scire facias. *Brown* v. *Tweed,* 2 Allen, 566, 568. *Jarvis* v. *Mitchell,* 99 Mass. 530. The adverse claimant was a party to the trustee process, *Gifford* v. *Rockett,* 119 Mass. 71, and was likewise bound

by the judgment which charged the trustee. *Wilde* v. *Mahaney*, 183 Mass. 455, 458–459. G. L. (Ter. Ed.) c. 246, § 43. That judgment became *res judicata* as to all parties to the trustee process. *Kelly* v. *Foley*, 284 Mass. 503, 507. *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 388. *Brown* v. *Tweed*, 2 Allen, 566, 567. Liability of the trustee under that judgment to pay the credits to the plaintiff in the trustee action became fixed when the demand was made upon him by the officer. The trustee had no defence to the scire facias. Scire facias when issued under G. L. (Ter. Ed.) c. 246, § 45, is a part of the proceedings which were initiated by the bringing of the trustee writ. It is merely a judicial writ to enforce the judgment charging the trustee. *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84. *Kolda* v. *National-Ben Franklin Fire Ins. Co.* 290 Mass. 182.

The defendants also contend that the present plaintiff as obligee in the bond was bound to give to the principal obligor notice of the bringing of the scire facias and that failure to do so prevents recovery on the bond. If, before the scire facias issued, the time for the performance by the defendants of the condition of the bond had arrived, there was no obligation on the trustee to give notice of the service of the scire facias. The bond provided indemnity "from all suits, damages and costs, whatsoever, whereunto . . . [the trustee] may be liable or obliged by law to pay" to the plaintiff in the trustee action by reason of being charged as trustee. The language above quoted is identical with the language of the bonds which were the basis of the actions in *White* v. *French*, 15 Gray, 339, 341; *Cook* v. *Merrifield*, 139 Mass. 139, 141; and *Briggs* v. *McDonald*, 166 Mass. 37. These were bonds to indemnify officers making attachments of property on writs. The language was construed in those cases as meaning that the condition of the bonds was broken upon the rendering of judgments against the officers. They were not obliged to pay the amount of the judgments and then make demand on the obligors in order to establish a breach of the bonds. They were "liable or obliged by law to pay" as soon as judgments against them were entered. The bond here in suit is

in terms conditioned upon the trustee becoming "liable or obliged by law to pay"; not upon a payment by the trustee or upon further proceedings being brought to enforce payment or upon the outcome of such further proceedings. We think that the language of the bond must be construed as meaning that the condition would be broken if and when an effective judgment against the trustee existed and payment was not made by the defendants. A judgment declaring a trustee charged and fixing the amount for which he is charged is not by itself alone effective. A trustee so charged would not be justified in paying over to the plaintiff in the trustee action credits in his hand merely on the strength of such a judgment having been entered. *Burnap* v. *Campbell*, 6 Gray, 241. *Barnes* v. *Shelburne Falls Savings Bank*, 186 Mass. 574. By virtue of the statutes, in order that such a judgment become effective, it is necessary that a demand on the trustee by force of execution be made by an officer. G. L. (Ter. Ed.) c. 246, §§ 40, 41. When in March, 1933, there was such a demand made on the trustee, the present plaintiff, he, within the meaning of the language of the bond, became "liable or obliged by law to pay" to the plaintiff in the trustee action the amount for which he had been charged, and the defendants became liable on the bond.

What has been hitherto said disposes of such of the defendants' requests for rulings denied by the trial judge as were argued before us. It is not necessary to consider them in detail. They were rightly denied.

*Order dismissing report affirmed.*