Putnam, C. J.,
One Slutsky worked for the defendant at a salary of twenty dollars per week. The plaintiff sued Slutsky and summoned the defendant as trustee. On a motion to charge the defendant as such trustee it appeared that the trustee owed Slutsky accumulated and unpaid salary in the sum of $212. (representing, apparently, 11 weeks pay at $20. per week less the sum of $8. which had been paid to .Slutsky before the trustee writ was served). The defendant, as trustee, contended at the hearing of the above motion that it was not chargeable as trustee “because the sum of Twenty Dollars ($20.) for each and every week during the time that the salary of said Arthur Slutsky was accumulating, although unpaid, was exempt from attachment” by virtue of Gen. Laws (Ter. Ed.) Ch. 246, sec. 28, as amended by St. 1935 Ch. 410, sec. 1. At that hearing the defendant, as trustee, presented no requests for rulings. The judge ruled that only the sum of $20. was exempt, and charged the defendant, as trustee, in the sum of $192. To this ruling and action the defendant, as trustee, claimed no. report.
*477 In the action of scire facias, which is now before this court on report, there was a hearing before a single justice. At that hearing the defendant offered no new or additional proof and set up no new fact. It again contended that it was not chargeable. The judge ruled that it was not entitled to litigate anew the question of law already raised and passed upon by the judge who heard and allowed the motion to charge the defendant as trustee; denied certain requests for rulings presented by the defendant; and found for the plaintiff in the sum of $192.
It has long been settled law that a defendant in scire facias who' has been charged as trustee in a specific sum after a hearing cannot as of right litigate anew the questions then tried and adjudicated. Brown v. Tweed, 2 Allen 566; MacAusland v. Fuller, 229 Mass. 316; Dolan v. Mucci, 294 Mass. 341. That principle is conclusive of the case at bar.
The defendant, relying on certain language in the opinion of the court in Brown v. Tweed, 2 Allen 566; argues that the judge who heard the scire facias proceeding might, in the exercise of a sound discretion and for sufficient cause, have reopened the question of whether the defendant, as trustee, was chargeable. No request for a ruling touching on the question of the exercise of discretion by the judge was presented unless such a request is implicit in request No. 1 — “Upon the law and the evidence this proceeding should be dismissed”. — and the denial of that request carries with it an implication that such discretion as the judge exercised was against the defendant, who had had every opportunity to save its rights at the time of the hearing on the motion to charge it as trustee and who had failed to do so.
The defendant argues also that the decision of this division in the case of Associated Professions, Inc. v. Berry *478 Wales Company, 54 App. Div. 356, is conclusive in its favor. That case, however, is distinguishable from the case at bar in that it appears from the report that in the scire facias proceedings certain interrogatories were propounded to the defendant and elicited answers which disclosed, to the satisfaction of the trial judge, that the defendant owed the principal debtor a sum smaller than the amount exempt by law from attachment.
None of the defendant’s requests for rulings could have been given. Beport Dismissed.