*Southern District*

**PHILIP RICHENBURG INSURANCE AGENCY, INC.**

**v.**

**RUSCITO CONTRACTING CO., INC.
AND
TOWN OF STOUGHTON, TRUSTEE**

*Present*: Nash, C.J., Lee, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk Docket No. 51957.

*Lee, J.* This is an act of *scire facias* commenced against the Town of Stoughton, Trustee pursuant to the provisions of G.L. c. 246, §45.

The preliminary facts are:

The plaintiff, Richenburg, had obtained judgment in the District Court against the defendant, Ruscito Contracting Co., Inc., on October 23, 1964. Execution issued on November 2, 1964, in the amount of $9,020.74 and remains unsatisfied.

The town of Stoughton had been served on August 24, 1964 as trustee in the original action but failed to file an answer, was adjudged a trustee upon failure to answer, has refused upon demand to pay the judgment, and thus the present action of *scire facias.*

The answer of the trustee-town in the present proceeding was in part as follows:

"... that prior to service upon it, the Town of Stoughton had contracted with the Defendant Ruscito Contracting Co., Inc. to construct Sanitary Intercepter Sewers for it, and in construction of said sewers, the Defendant Ruscito Contractin gCo., Inc. hired or engaged sub-contractors to do part of said construction, and further ordered materials to be used in said construction and had not paid for same, and the Defendant Ruscito Contracting Co., Inc. had not completed the aforesaid sewer contract, and had also improperly performed part of

the construction, and that at the time of said service, the Defendant Ruscito Contracting Co., Inc. had not been paid by the Town of Stoughton the whole contract price for said construction, and whether the Town of Stoughton had any goods, effects or credits of the Defendant Ruscito Contracting Co., Inc. in its hands or possession at the time of service of the trustee writ, it submits to examination under oath."

In the present proceedings there was also filed by the Glens Falls Insurance Company an adverse claimant's claim as follows:

"[The] Glens Falls Insurance Company makes [claims as] an adverse claimant under the provisions of Massachusetts General Laws, Chapter 246, Section 33, as follows:

That at the time of the service of the Plaintiff's writ on the Trustee, Town of Stoughton goods, effects or credits in the possession of said Trustee, allegedly belonging to the principal Defendant, Ruscito Contracting Co., Inc., were legally and/or equitably goods, effects or credits of the Glens Falls Insurance Company.

WHEREFORE, your claimant makes claim that the goods, effects or credits in the possession of said Trustee be found to be due to Glens Falls Insurance Company, and for its costs."

*At the trial the evidence was as follows:*
The town of Stoughton and Ruscito had

entered into a contract relative to the construction of a sewer line and said contract, under the provisions of G.L. c. 149, §29, called for bonds by Ruscito conditioned upon faithful performance of the contract and prompt payment of labor and materials and Glens Falls Insurance Company was the surety on these bonds. The said contract also provided for monthly payments by the town to Ruscito for work completed and accepted by the town. These payments would be made after a requisition had been submitted by Ruscito and approved by the town Engineer. Ruscito had submitted a requisition for work performed in July, 1964, and it had been approved by the town Engineer. The net amount of the requisition after retained percentage was $28,377.11. Of this amount $8,836.24 was paid to Ruscito or for his benefit and the balance of $19,540.87 was withheld by the town because a notice of claim in that amount had been received prior to *August* 24, 1964, by the town of Stoughton. This notice of claim was filed by New England Concrete Pipe Company which had supplied materials on the job and had not been paid. The town, under the terms of the contract, had the right to withhold payments due Ruscito and pay directly creditors of Ruscito.

On *August* 24, 1964, the date of service of the plaintiff's trustee writ, the town still had in its possession the $19,540.87, the balance of the July requisition. The town admitted that as of *August* 24, 1964, it had not received

any writ of attachment or trustee process in connection with any claim against Ruscito other than that of the plaintiff Richenburg. The town further admitted that as of *August* 24, 1964, it had not received notice of the assignment by Ruscito to the bonding company as required under Section H, Paragraph 31 of the contract, a copy of which was offered in evidence and provides as follows:

### *"ASSIGNMENTS*

The Contractor shall not assign the whole or any part of this contract or any moneys due or to become due hereunder without written consent of the Owner. In case the Contractor assigns all or any part of any moneys due or to become due under this contract, the instrument of assignment shall contain a clause substantially to the effect that it is agreed that the right of the assignee in and to any moneys due or to become due to the Contractor shall be subject to prior claims of all persons, firms and corporations for services rendered or materials supplied for the performance of the work called for in this contract."

Counsel for Glens Falls Insurance Company stipulated that no notice had been given prior to *August* 24, 1964. Counsel also stipulated that the assignment was never recorded anywhere.

The assignment in question is contained in the bond application of Ruscito and the same was dated *October* 18, 1963.

There was no evidence of any formal notice of default on the part of Ruscito, nor was there any notice by the bonding company that they were taking over the completion of the contract prior to *August* 24, 1964. Subsequent to *August* 24, 1964, Ruscito was defaulted by the town of Stoughton and there was evidence that the bonding company has to date paid out some $351,409.11 because of Ruscito's default, for labor and material claimants of Ruscito and in completing the contract. Of the $351,409.11 only approximately $12,000.00 was paid prior to *August* 24, 1964, for labor claims.

The evidence as to the assets of Ruscito Contracting at the time of the assignment was that it consisted of two trucks both of which were mortgaged, and a claim against the town of Amherst in the amount of $9,000 to $12,000.

The plaintiff made the following requests for rulings, which with the court's action thereon, was as follows:

1. On August 24, 1964, the Town of Stoughton had in its possession funds due and owing to the defendant, Ruscito, without contingency. *Denied.*

2. On August 24, 1964, the plaintiff was the only creditor with a perfected lien upon the funds held by the Town of Stoughton due to Ruscito. *Denied.*

3. The assignment by Ruscito to the bonding company was in fact a security instrument under the Uniform Commercial

Code. *Allowed, but I hold that filing was not required under U.C.C.*

4. For the bonding company's assignment to be effective against the claim of the plaintiff, a perfected lien creditor, the assignment should have been recorded in accord with the provisions of the Uniform Commercial Code, G.L. Ch. 106, Article 9-401 (c). *Denied.*

5. A labor or material man on a public contract can look only to the bond as security and has no claim directly against the city or town awarding the contract, or funds held by the city or town and due the prime contractor. *Allowed, but not applicable to facts found.* G.L. c. 149, §29 *Water Works Supply Corp. v. Cahill,* 344 Mass. 442.

6. A letter of claim or notice of claim is not an attachment or lien of any kind or legal consequence. *Allowed, but not applicable to facts found.*

7. One who is subrogated to the rights of another has no greater rights than the rights of the party to which it is subrogated. *Allowed.*

8. On all the evidence and the law, a finding for the plaintiff is warranted. *Allowed.*

The court found the bonding company entitled to the $19,540.87 which was in the possession of the town of Stoughton on *August* 24, 1964.

As to the claim of the plaintiff against the

trustee the court found for the trustee, town of Stoughton.

The court also found on all the evidence

"I find that the claimant Glens Falls Insurance Company is legally and equitably entitled to the sum of $19,540.87 which was in the hands and possession of the town of Stoughton on *August* 24, 1964, and the claimant is to have judgment in that amount."

The plaintiff claims to be aggrieved by the denial of its first, second and fourth request for rulings and the qualified allowances of the third, fifth and sixth request for rulings.

■ The judge was correct in his decision. The right of the surety, Glens Falls Insurance Company, to the funds was superior to those of an attaching creditor.

■ Money cannot be attached by trustee process unless, when the writ is served upon the alleged trustee, the money is due absolutely and without any contingency except that of time. *Krogman v. Rice Brothers Company,* 241 Mass. 295 at 300.

Prior to *August* 24, 1964 the alleged trustee had received notice of a claim from New England Concrete Pipe Company in the sum of $19,540.87.

■ If Ruscito Contracting Company, Inc. had brought suit against the alleged trustee, the town of Stoughton could have exercised its contractual right to withhold and pay the creditors directly and it could recover nothing. The plaintiff, a creditor of Ruscito

Contracting Company, Inc., has no greater right than the debtor.

Clearly these funds were not due absolutely and without any contingency to Ruscito Contracting Company, Inc. and the plaintiff stands in no better right. *Doyle v. Gray,* 110 Mass. 206.

We come now to the question of whether Glens Falls Insurance Company has a right to these funds. It had an assignment from the Ruscito Contracting Company, Inc. dated *October* 18, 1963 of all the rights of that company upon certain contingencies, one of which was a breach of contract. Ruscito Contracting Company, Inc. had breached its contract prior to *August* 1964 and was subsequently defaulted by the town of Stoughton.

The Glens Falls Insurance Company then came into the picture and expended of its own funds, over $350,000.00 to complete the contract. In all conscience and equity it should be reimbursed and entitled to any proceeds due and owing the Ruscito Contracting Company, Inc. under the right of subrogation over attaching creditors.

The right of subrogation is not founded on contract but is an equitable right. *Memphis and Little Rock R.R. v. Dow,* 120 US 287, 301-303.

The plaintiff also raises the point that the assignment in question is covered by Uniform Commercial Code. G.L. c. 106, §9 specifically, that this assignment creates a security interest under G.L. c. 106, §9-105 and

a contract right under G.L. c. 106, §9-106 and thus the Glens Falls Insurance Company has not perfected its claim by recording this security interest.

Article 9 of the U.C.C. deals with security interests. A review of this section and the definitions of security interests as set out in Article 1-201 of the code lead us to believe that an assignment such as in this matter is not and was not intended to be covered by the code.

The judge was correct on his rulings of law and finding. There being no reversible area *the report is ordered dismissed.*

Edwin F. Hannon, Jr. of Boston for the Plaintiff.

Abraham Newman of Roslindale for the Defendant.

Francis E. Sullivan and John T. Bowes of Boston for town of Stoughton, Trustee and for adverse claimant.

## REPORTER'S NOTE

A writ of *scire facias,* as used in trustee process, is grantable only by the court of original pendency, calling upon the trustee, who has not previously been examined, to show cause why an execution should not issue against him to the extent of the goods, effects and credits in his hands at the time of the service of the trustee writ upon him, belonging to the defendant. It is a judicial writ to enforce the judgment charging the trustee. *Dolan v. Mucci,* 294 Mass. 341; *Kolda v. National Ben-Franklin Fire Ins. Co.,* 290 Mass. 182; *Universal Optical Corp. v. Globe Optical Co.,* 228 Mass. 182; *Sigourney v. Stockwell,* 4 Met. 418, 421; G.L.c. 246, §45.

The writ is not an original proceeding but merely a continuance of the trustee process. *Laughran v. Kelley*, 8 Cush. 199; *Barringer v. Northbridge*, 266 Mass. 316.

If a trustee appears and answers to the *scire facias*, and if he has not been examined in the original case, he may be examined in the *scire facias* proceeding in the same manner as he might have been examined in the original laction. Also, if he has been examined in the original action, the court may require him to be examined anew in the *scire facias*. In either case he is permitted to answer and to prove any matter that may be necessary and proper for his defense in the proceedings on *scire facias*. After the presentation of all the evidence, the court renders such judgment as law and justice require. *Laughran v. Kelley*, 8 Cush. 199.

The original action and the *scire facias* are part of one continuous and connected course of proceedings and the examination in the *scire facias* proceeding is the examination of the trustee which is conducted in the same manner and with the same effect as in the original proceeding. The trustee's answers in the *scire facias* are considered to be true and if they are wilfully false he is liable to an action of tort to pay the plaintiff in the trustee process the full amount of his judgment in the same manner as if he had sworn falsely in the original action. *Laughran v. Kelley*, 8 Cush. 199; *MacAusland v. Fuller*, 229 Mass. 316.

In a proceeding on *scire facias* brought against the alleged trustee, the trustee may answer and prove any matter that may be necessary and proper for his defense, notwithstanding that he was charged in the

action on which he was originally summoned. *Thompson v. King*, 173 Mass. 439, 442; *Fay v. Sears*, 111 Mass. 154.

A plaintiff is not entitled, as of right, to litigate anew on *scire facias* the sum for which one summoned as trustee in trustee process shall be charged if the question has been tried and determined in the original action and the amount paid for which the trustee was there held chargeable. The court may, however, in the exercise of its sound judicial discretion and for sufficient cause, reopen or set aside on *scire facias* a judgment rendered in the original action by which the amount for which the trustee was chargeable was fixed and determined. As the original action and the *scire facias* are part of the same course of proceedings, it becomes competent in the rendition of the final judgment to correct any errors or supply any deficiencies which have been shown to have existed in the prior proceedings. *Jarvis v. Mitchell*, 99 Mass. 530; *Brown v. Tweed*, 2 Allen 566.

Liability of one sought to be charged as trustee in *scire facias* ordinarily is to be determined upon an examination by interrogatories and answers, which are to be filed and answered in the same manner and with the same force and effect as in the original action. The interrogatories and answers, arising in the initial stage of the proceedings, are pertinent for consideration in determining the amount to be paid by the trustee. *MacAusland v. Fuller*, 229 Mass. 316.

Correct procedure requires that the trustee's answers be in writing. But no substantial right of the plaintiff is affected by the reception of oral evi-

dence in place of written answers and there is no reversible error in the admission of the testimony of the defendant as to the amount actually due him from the trustee. *MacAusland v. Fuller*, 229 Mass. 316, 320.

One who is summoned as trustee in trustee process is charged on his answer, though he inserts therein his *belief* that he has no goods, effects or credits of the principal defendant, unless he makes a full disclosure and answers all pertinent interrogatories so far as he is able. *Shaw v. Bunker*, 2 Met. 376. The statements made by the trustee in his answers are regarded as true, both those made in his belief of the facts derived from other sources, as from his personal knowledge, with this qualification, that the trustee must make a full disclosure and answer all pertinent interrogatories, so that the court may determine whether the declaration of his *belief* is true. *Shaw v. Bunker*, 2 Met. 376, 380.

A person summoned as trustee is to be charged or not, according to a just view of all the facts, the weight of the evidence and of a conviction that shall fairly preponderate; and if it is not affirmatively proved by the answer of the alleged trustee or by collateral proofs that he is chargeable, then he is to be discharged. *Porter v. Stevens*, 9 Cush. 530.

Where the trustee answered "no funds" and also in answers to interrogatories stated that he had an assignment of all amounts to became due under a building contract, it was held that the plaintiff was entitled to have the trustee answer interrogatories seeking in substance an account of all the receipts and disbursements of the trustee in pursuance of the

contract and assignment. *Brennan v. McInnis,* 173 Mass. 471.

In a trustee process, the plaintiff may put interrogatories to the trustee calculated to elicit facts which will tend to charge him, but not to contradict or to impeach him.

Where the trustee answered denying funds of the principal defendant and stated that he was a lessee of the principal defendant and that an instalment of rent was due under the lease, and further stated that after adjustment of all mutual demands between himself and the defendant, a certain balance was due the trustee from the defendant at the time of the service of the writ, the court held that the plaintiff might file further interrogatories to the trustee for the purpose of ascertaining the state of the accounts between the parties, and might also ask him whether or not he had assigned his claims against the principal defendant before service of the writ. But he could not ask whether the trustee was aware of this when he answered the preceding interrogatories. *Nutter v. Framingham & Lowell RR.,* 131 Mass. 231.

In *Burnham Bros. Co. v. Gordon,* 289 Mass. 502, where the trustee answered "no funds" and it was shown that he was an assignee for the benefit of the defendant's creditors and that after the assignment the defendant made a composition with his creditors, the amount of which being more than that which the trustee had received for the assets and in answer to an interrogatory as to how much the trustee had in his hands, the trustee answered "nothing", the court held that the plaintiff was not bound to accept the trustee's answer and, after it appeared that

the funds held by him exceeded the amount of the composition offer, the trustee could be charged to the extent of what he had.

In *MacAusland v. Taylor*, 220 Mass. 265, the trustee answered "no funds" and also to an interrogatory that there had been $200.25 in his hands which he paid out. The plaintiff traced a large sum of money into the hands of the trustee and had a right to inquire as to the state of the account between the trustee and the defendant in some detail. He was not obliged to accept as final the bald assertion of the trustee that he had settled with the defendant and had paid out all that was due him. The plaintiff might properly ask more explicitly about the facts upon which the trustee's conclusion rested. While the answers of the trustee must be accepted as true and cannot be contradicted nor can he be subjected to cross examination, yet he can be required to testify in answer to interrogatories, to the same extent as a witness called to testify on the stand and with reasonable minuteness as to the subject under investigation.

The burden is on the plaintiff to show that the trustee should be charged. *Krogman v. Rice Bros. Co.*, 241 Mass. 295, 300; *White v. Springfield Inst. for Sav.*, 134 Mass. 232.

When money is attached by trustee process it must be absolutely due and it is immaterial that there may eventually be something due or that some amount may become due. The trustee is chargeable only upon the facts existing at the instant that the writ is served on him. *Godfrey v. Macomber*, 128 Mass. 188; *Knight v. Rowley*, 117 Mass. 551.

*In fine*, when the liability of an alleged trustee

in trustee process is not disposed of in the original action and a writ of *scire facias* is issued, the answers of the trustee are to be taken to be true as they are when made in the original action. *Wilde v. Mahaney,* 183 Mass. 455, 460. But this rule does not apply where the trustee does not answer. In other wards his silence is not an admission. *Jewett v. Morrison,* 175 Mass. 161. There is no presumption in advance that the alleged trustee has or had goods, effects or credits of the defendant in his possession from which he must relieve himself by his answer. *It is for the plaintiff to prove his allegation, not for the trustee to disprove it. Seward v. Arms,* 145 Mass. 195; *Cardany v. NE Furniture Co.,* 107 Mass. 116, 117.