Gillen, J.
This is an action of scire facias in which the plaintiff seeks to recover from the alleged trustee in the original action to wit, Berry Wales Company, the defendant here, the sum of thirty-six dollars and forty-nine cents ($36.49).
The original action, No. 87862 in this court, was brought by the plaintiff against one James E. Currie of Brookline, and the Berry Wales Company as alleged trustee.
In said original action judgment was entered for the plaintiff in the amount of one hundred and forty-four dollars and sixty cents ($144.60) and the Berry Wales Com- *220 pony was charged as trustee in said action in the amount of thirty-six dollars and forty-nine cents ($36.49) after hearing.
In this scire facias action the defendant Berry Wales Company filed the following answer:
“Now comes Berry Wales Company by Albert A. Stronach its cashier and present chief financial officer, summoned as the alleged trustee in the above-entitled action and says that at the time of the service of the plaintiff’s writ upon it, after deducting amounts allowed by law, it had in its hands no goods, effects, money or credits belonging to the defendant. Wherefore said trustee prays that it be discharged and for its costs”.
The Answer was made tmder the penalties of perjury.
At the trial the plaintiff introduced in evidence the execution and the officer’s return thereon in action No. 87862 which set forth that the execution was in no part satisfied.
In addition the plaintiff introduced the following interrogatories propounded by it to the Berry Wales Company in this action together with the answers thereto.
No. 7. Please state whether your Company was indebted to James Currie at the time service was made upon the Berry Wales Company as alleged trustee in Action No. 87862. Yes.
No. 8. If you answer the preceding interrogatory in the affirmative, state the nature and amount of such obligation.
(a) $9.78 — salary, (b) $18.05' — salary, (c) $12.66— salary.
The defendant offered the remaining interrogatories in this action which included interrogatory No. 9'
“Int. No. 9: Please set forth the nature of any ac- , counts between your company and
*221 James Currie at the time service was made upon it as alleged trustee in action No. 87862.
Ans. No. 9: Salary, minus deductions for advances”.
The plaintiff filed the following requests for rulings and the action of the trial judge on them is here set forth.—
1. “There is sufficient evidence to warrant a finding for the plaintiff in the amount of $36.49.
Denied — I find on the facts that the defendant had in its hands goods, effects and credits due to the employee as wages in the sum of $36.49 accumulatively and that the same are exempt under this trustee process.
2. The plaintiff is entitled to a finding in its favor in the amount of $36.49 as a matter of law.
Denied — I find that said amount as trusteed is exempt therefrom. See G. L. Chapter 246, Secs. 26, 28; See Swett vs. Ordway and trustee, 40 Mass. 266 (23 Pick).
3. The defendant herein, (Berry Wales Company) may not as a matter of right litigate anew the question as to whether or not it should The charged as trustee in the amount of $36.49 where its offers no new or additional proof and sets up no new facts or principle of law which was not known and relied on at the hearing in the original suit.
Denied. — Inapplicable as I find on the facts that by virtue of interrogatories in this action litigation might proceed. O’Connor v. City of Boston, B. M. C. (AD) Vol. 45, page 310.
4. If there is doubt as to the meaning of the defendant’s answer and answers to interrogatories, such answers shall be construed most strongly against the defendant.
Denied — See Eddy vs. O’Hara, 132 Mass. 56, 61, Green vs. Nelson, 12 Metcalf 567, 571.
*222 5. An alleged trustee (a defendant in scire facias) must set out and disclose any deductions if he wishes them allowed.
Denied. — Inapplicable as I find on the facts that the deductions have been disclosed as advances and as to amounts.
6. After an alleged trustee has been charged as a trustee for a fixed sum of money, the burden is upon the said' trustee in a subsequent scire facias proceeding to show new or additional facts or principles of law which were either not known or not relied upon at the hearing on the motion to charge said trustee in the original suit.
Denied. — See No. 3 and case cited thereunder.
7. If the alleged trustee in the original action, the defendant herein, was indebted to the defendant in the original action at the time of service upon it in the original action, and if said indebtedness was a balance due for salary and commissions as a salesman, less deductions for advances which were in excess of $20.00 per week, and if on a motion to charge trustee in the original action, the said facts were presented to the Court and after hearing thei court charged the said trustee in said amount of the indebtedness, the plaintiff may recover in this action.
Denied. — See No. 1 and No. 2.”
The trial judge found for the defendant.
The plaintiff claims to be aggrieved by the rulings and the refusals to rule as requested.
Ordinarily the amount for which the trustee is chargeable may be left to be ascertained on scire facias and the interlocutory judgment that issues on the original action conclusively settles only the precise matter adjudicated, name *223 ly, the liability of the trustee. Jarvis v. Mitchell, 99 Mass. 530.
But the trial judge at the hearing on the matter of chargr ing the trustee has the power to ascertain and fix at that time the specific sum for which the trustee shall be charged, which was done here in the original action. Miller v. Carrier, 11 Gray 19, Brown v. Tweed, 2 Allen 566, Cunningham v. Hogan, 136 Mass. 407.
In Brown v. Tweed, 2 Allen 566, a scire facias, where in the original action the trial judge charged the trustee in a specific sum the court said:
“We do not intend to be understood as saying that the court cannot, in the exercise of a sound discretion and for sufficient cause, re-open or set aside on scire facias a judgment rendered in the original suit, by which the amount for which the trustee was chargeable was fixed and determined. As the original suit and the scire facim are part of the same course of proceedings, we cannot doubt that it would be competent, in the rendition of the final judgment, to correct any errors or supply any deficiencies which were shown to exist in the prior proceedings. But in a case like the present, where the plaintiff offers no new or additional proof and sets up no new fact or principle of law which, was not known and relied on at the hearing in the original suit, we are of opinion that he is not entitled as of right to litigate anew the question which was then adjudicated and settled.”
In the instant ease no new or additional proof was offered at the hearing on scire facias. But we hold it still was in the province of the trial judge where error was claimed to examine anew the question of the liability of the trustee. Brown v. Tweed, 2 Allen 566, is not authority for the proposition that where error is apparent in the charging of the trustee in the original action that the trial judge is pre *224 eluded in the scire facias from correcting an injustice. In this case no claim of error was set forth as is urged in the instant case.
The defendant on each of the dates it was served as trustee had previously advanced monies to its employee, James M. Currie, the defendant in the original action, and, therefore, was warranted in deducting these advances as of the dates it was served.
Gen. Laws, Chap. 246, sec. 26 (Ter. Ed.) provides:
“A trustee may retain or deduct from the goods, effects or credits in his hands all demands against the defendant of which, had he not been summoned as a trustee, he could have availed himself by way of set-off on a trial or by the set-off of judgments or executions between himself and the defendant and he shall be liable for the balance only after all mutual demands, excluding therefrom any claim on either side for unliquidated damages for wrongs or injuries, between him and the defendant have been adjusted”.
An employer is entitled to deduct from an employee’s salary or commission advances against the same. Warner v. Perkins, 8 Cush. 518, Swett v. Ordway, 23 Pick. 266, Eddy v. O’Hara, 132 Mass. 56, O’Connor v. City of Boston, No. 378700 of 1935 of the Municipal Court of the City of Boston.
By reason of the fact that less than twenty dollars was due James M. Currie upon each of the dates of service, after the deduction of advances, the remaining amounts were exempt from attachment and the trial judge was warranted in finding for the defendant. Gen. Laws, Chap. 246, sec. 28 (Ter. Ed.) as amended.
There was no error in the denial by the trial judge of request for ruling No. 5 for the interrogatories to and answers of the trustee in the original action in which the deductions are set forth in interrogatory and answer 10 F *225 were open to the trial, judge in the scire .facids'- hearing." Thompson v. King, 173 Mass. 439, McAusland v. Fuller, 229 Mass. 316, 320, O’Connor v. City of Boston No. 378700 of 1935 of the Municipal Court of the City of Boston.
. We have examined all requests for rulings and find no. error.
■ Report dismissed.' -